**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**LEONARD CARROLL, and
STEPHANIE CARROLL,**

        **Plaintiffs,**

**v.**                                                      **Civil Action No. 1:22-CV-99
                                                            (JUDGE KLEEH)**

**ASHLEY HARDESTY ODELL,
THE WEST VIRGINIA STATE BAR,
WEST VIRGINIA BAR ASSOCIATION,
KENDRA ROSS, and STEVEN SHAFFER,**

        **Defendants.**

## OMNIBUS REPORT AND RECOMMENDATION

On September 27, 2022, *pro se* Plaintiffs Leonard Carroll and Stephanie Carroll ("Plaintiff") filed a Complaint against Defendants Ashley Hardesty Odell, The West Virginia State Bar, West Virginia Bar Association, Kendra Ross, and Steven Shaffer. ECF No. 1.

On September 28, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. ECF No. 5.

Upon consideration of the filings,[1] and for the reasons stated herein, the undersigned now **RECOMMENDS** that Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11 and 14, should

---

[1] In addition to the original Complaint, ECF No. 1, and the Order of Referral, ECF No. 5, the undersigned is also in receipt of and considered the following documents for this Report and Recommendation: Plaintiffs' Complaints and Requests for Injunction, ECF Nos. 11 and 14, Defendant Steven Shaffer's Motion to Dismiss and memorandum in

be **DENIED**, Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32, should be **DENIED**, Defendant Steven Shaffer's Motion to Dismiss, ECF Nos. 15 and 16, should be **GRANTED**, Defendant Kendra Ross's Motion to Dismiss, ECF Nos. 21 and 22, should be **GRANTED**, Defendant Ashley Hardesty Odell's Motion to Dismiss, ECF Nos. 28 and 28-1, should be **GRANTED**, Defendant The West Virginia State Bar's Motion to Dismiss, ECF Nos. 29 and 30, should be **GRANTED**; Defendant West Virginia Bar Association's Motion to Dismiss, ECF Nos. 51 and 52, should be **GRANTED**; Defendant Kendra Ross's Motion to Remand, ECF Nos. 19 and 20, should be **DENIED as MOOT**, Plaintiffs' Motion for the Habeas Corpus of Kendra Ross, ECF No. 25, and Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, should be **DENIED as MOOT**, Plaintiffs' Objections, ECF Nos. 26, 33, 41, 43, and 44, be **OVERRULED**, and the Complaint, ECF No. 1, should be **DISMISSED WITH PREJUDICE**.

---

support thereof, ECF Nos. 15 and 16, Defendant Kendra Ross's Motion to Remand and memorandum in support thereof, ECF Nos. 19 and 20, Defendant Kendra Ross's Motion to Dismiss and memorandum in support thereof, ECF Nos. 21 and 22, Defendant Kendra Ross's Response to the Motions for Preliminary Injunction, ECF No. 23, Plaintiffs' Motion for the Habeas Corpus of Kendra Ross, ECF No. 25, Plaintiffs' Objection to Any Dismissal, ECF No. 26, Defendant Ashley Hardesty Odell's Motion to Dismiss for Failure to State a Claim, ECF No. 28, and memorandum in support thereof, ECF No. 28-1, Defendant The West Virginia State Bar's Motion to Dismiss, ECF No 29, and memorandum in support thereof, ECF No. 30, Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32, Plaintiffs' Objection to McGuireWoods LLP as Frivolous and Lack Merit, ECF No. 33, Defendant Steven Shaffer's Reply to Plaintiffs' Response to Motion to Dismiss, ECF No. 38, Plaintiffs' Objection to West Virginia Bar Dismissal, ECF No. 39, Defendant Kendra Ross's Reply Memorandum In Support Of Motion To Dismiss, ECF No. 40, Plaintiffs' Nov. 1, 2022 Objection to McGuireWoods LLP as Frivolous and Lack Merit, ECF No. 41, Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, Plaintiffs' Objection to Mark Jeffries Filing For Lack of Standing, ECF No. 43, Plaintiffs' Third Objection to McGuireWoods LLP as Frivolous and Lack Merit, ECF No. 44, Plaintiffs' Layman Understanding of Roseboro v. Garrison With Affidavits, ECF No. 49, Defendant The West Virginia State Bar's Reply to Plaintiffs' Response In Opposition to Motion to Dismiss, ECF No. 50; Defendant West Virginia Bar Association's Motion to Dismiss, ECF No. 51, and memorandum in support thereof, ECF No. 52, and Reply in Support of Defendant Ashley Hardesty Odell's Motion to Dismiss, ECF No. 54.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 23, 2018, Kendra Ross received a final judgment in her favor against Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc. (hereinafter known as "the Judgment Debtors") for her claims alleging forced labor, human trafficking, violations of the Fair Labor Standards Act, violations of various states' minimum wage laws, violations of the RICO Act, conversion, unjust enrichment, and negligent and intentional infliction of emotional distress. *See* Ross v. Jenkins et al., Case No. 1:17-CV-2547 (D. Kan. May 23, 2018), at ECF Nos. 40, 41.[3] *See also* Ross v. Jenkins et al, 1:18-MC-51 (N. D. W.Va. Dec. 3, 2018) (judgment registered in this district).

On March 25, 2019, as a matter of course and with leave of the Court, Kendra Ross filed an Amended Complaint in the U.S. District Court for the District of Kansas against the Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc. ("PK Organizations") alleging, *inter alia*, that starting on May 23, 2018, the day final judgment was entered in her previous case, the Judgment Debtors incorporated and created the PK Organizations and began to fraudulently grant, transfer, and convey property and assets to the PK Organizations in order to thwart collection by Ross. *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. March 25, 2019), at ECF No. 45.

---

[2] In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See* Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). However, this Court may also take judicial notice of matters of public record, such as court and county deed records. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir.2004)); *see also* Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). The Court may also consider documents attached to the complaint, "as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Id. (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir.2006)). Accordingly, the factual and procedural background provided herein is compiled from allegations found within the Complaint, integral attachments to the various motions to dismiss, public court records, and public county property records.
[3] *See supra* n. 2.

A Preliminary Injunction Order was entered by the District of Kansas on March 7, 2019, pursuant to the original Complaint and by way of Motion requesting the same, enjoining the Defendant PK Organizations from, *inter alia*, "directly or indirectly: (1) transferring, concealing, withdrawing, or otherwise disposing of any assets, property, or funds that they control or possess; (2) opening or closing accounts; (3) opening or accessing safe deposit boxes or rental storage units; and (4) opening or creating any new entities or trusts without prior approval by the court[.]" *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. March 25, 2019), at ECF No. 34.

On May 27, 2020, the PK Organizations transferred a Preston County, West Virginia property, located at 1213 Cash Valley Road, Eglon, West Virginia 26716, by quitclaim deed to Leonard Carroll and Stephanie Carroll, the Plaintiffs in this instant action.[4] *See* Preston County Deed Book 826, Page 964; *see also* ECF No 16-1, Exhibit 1 – Order Granting Motion for Default Judgment in the Circuit Court of Preston County, West Virginia, and ECF No. 23 at 2.

On July 17, 2020, the U.S. District Court for the District of Kansas entered judgment in favor of Ross and against the PK Organizations in the principal amount of $300,000. *See* Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. July 17, 2020), at ECF No. 86. *See also* Ross v. Promise Keepers et al., Case No. 1:21-MC-20 (N. D. W.Va. May 6, 2021) (judgment registered in this district).

---

[4] This property, 1213 Cash Valley Road, Eglon, West Virginia, 26716, has transferred owners numerous times over the past decade. On June 27, 2013, Royall Jenkins, "Spiritual Head and Founder of The United National of Islam, Inc.[,]" transferred all rights in the property, by quitclaim deed, to Leonard and Stephanie Carroll. *See* Preston County Deed Book, Book 758, Page 269. On July 22, 2015, Leonard and Stephanie Carroll transferred the property, to the Value Creators, Inc., by quitclaim deed, subject to the lifetime residential interests of Virgie and Sharon Ammons. *See* Preston County Deed Book 798, Page 232. On November 6' 2017, Sharon Ammons, granted and conveyed the property to the Value Creators, Inc. *See* Preston County Deed Book 803, Page 799. On July 7, 2018, the Value Creators, Inc. granted and conveyed the property to the Promise Keepers. *See* Preston County Deed Book 811, Page 908. Most recently, as stated above, on May 27, 2020, the PK Organizations transferred the subject Preston County property to Plaintiffs Leonard Carroll and Stephanie Carroll, by quitclaim deed *See* Preston County Deed Book 826, Page 964.

On August 21, 2021, Ross initiated an action in the Circuit Court of Preston County, West Virginia, Case No. 21-C-57, to set aside the fraudulent transfer of the property from the PK Organizations to the Carrolls and to foreclose on the property in satisfaction of the prior judgment. *See* Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Aug. 23, 2021).

On September 21, 2022, the Circuit Court of Preston County, West Virginia, by Circuit Court Judge Steven L. Shaffer, entered an Order granting Kendra Ross's Motion for Default Judgment, ordering that "the May 27, 2020 transfer of property located in Preston County, West Virginia from the [PK Organizations] to the Carrolls shall be and is hereby voided[,]" enjoining the PK Organization and/or the Carrolls from further disposing of the property, and ordering that the aforementioned property be "sold to satisfy the default judgment from the United States District Court for Kansas and the judgment issued in" the Circuit Court of Preston County, West Virginia. *See* ECF No 16-1, Exhibit 1 – Order Granting Motion for Default Judgment in the Circuit Court of Preston County, West Virginia, Case No. 21-C-57; Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Sept. 21, 2022).

On September 27, 2022, Plaintiffs Leonard Carroll and Stephanie Carroll initiated the instant action in this Court by filing their *pro se* Complaint alleging that Plaintiffs have owned and paid property taxes on the subject property for close to nine (9) years, from 2013 to 2022, but that their property has been "taken under the pretext of another party name Promise Keepers when that name lacks standing or ownership of the property in question." ECF No. 1 at 6. Plaintiffs list the Defendants as "Kendra Ross non corporate and private party" "Attorney Ashley Hardesty Odell a corporation entity doing business under Bowles Rice LLP" "The West Virginia State Bar d/b/a a Corporation under Commerce and Trade" "West Virginia Bar Asssociation d/b/a a Corporation

under Commerce and Trade" and "STEVEN SHAFFER d/b/a a Corporation under Commerce and Trade[.]" ECF No. 1 at 6.

Plaintiffs assert that "[a]ny agreement made by [Plaintiffs] with any of these philanthropic organizations/social community groups on usage of our land did not constitute transfer of ownership." ECF No. 1 at 7. Plaintiffs further allege that "this case involves the taking of our home under false and misleading hearsay testimony by Ashley Hardesty Odell without witnesses to support the claim[,]" and "Kendra Ross and Ashley Hardesty Odell misled this county court to believe that one or all of these social community groups had ownership because of an oral lease agreement for usage, [which] does not constitute ownership of the farm." ECF No. 1 at 6-7. Plaintiffs contend that the West Virginia Bar and the West Virginia Bar Associations are parties to this action because "Steven Shaffer and Ashley Hardest[y] Odell are members of these two organizations and associates paying union dues/admission fees." ECF No. 1 at 8.

Lastly, as to relief, Plaintiffs request in their Complaint: "1. A [sic] injunction to put stop to the sale or the taking of the farm. 2. To have this set for a court hearing with a jury trial to hear the evidence. 3. Have KENDRA ROSS appear before this district court to give sworn testimony. 4. To have our evidence and information placed on the record to disprove KENDRA ROSS' allegation. For personal pain and suffering and slander of our name 15 million U.S. Dollars[.]" ECF No. 1 at 8.

Regarding jurisdiction, Plaintiffs state in their Complaint and on Civil Cover Sheets that the basis of jurisdiction for this action is diversity of citizenship. *See* ECF No. 1 at 4 (citing 28 U.S. Code § 1332); *see also* ECF No. 1-1 at II. Basis of Jurisdiction (only diversity marked) *but see* VI. Cause of Action (citing 42 U.S.C. 1983). However, in other areas on the same documents, Plaintiffs explain that they are removing this action from state court pursuant to Title 28, United

States Code, Sections 1441 and 1446. *See* ECF No. 1 at 4 and ECF No. 1-1 at V. Origin ("Removed

from State Court") and VI. Cause of Action ("28 USC 1446" and "REMOVAL FROM STATE

COURT").

On the same date, September 28, 2022, U.S. District Judge Thomas S. Kleeh referred this

action, by Order, to the undersigned U.S. Magistrate Judge to conduct a scheduling conference

and issue a scheduling order, for written orders or reports and recommendations, as the case may

be, regarding any motions filed, and to dispose of any other matters that may arise. ECF No. 5.

Thereafter, on October 11, 2022, Plaintiffs filed a "Complaint and Request for Injunction,"

which may also be referred to herein as a "Motion for Injunction," wherein the Plaintiffs further

provide that the basis for federal jurisdiction in this matter is diversity of citizenship and the

amount in controversy is fifteen million U.S. dollars. ECF No. 11 at 3-4. Plaintiffs further provide

that the events giving rise to the claim occurred at their place of residence located at 1213 Cash

Valley Road, Eglon, West Virginia 26716 on August 12, 2021. Id. at 4-5. For the facts underlying

their claim, Plaintiffs explained at there were "False and Fabricated Claims and Voilation [sic] of

our Civil Right with Prejudice and Perjury Testimony [sic]" and "Because We are Being

Dragged Into Court Under False Misleading Claims and Our Property Stolden Under The False

Claim Act." Id. at 5. For relief, Plaintiffs requested that "We Are Asking For Things To Be Placed

On Hold Untill We Have A Trial By Jury." ECF No. 11 at 6. On October 12, 2022, a substantially

similar Complaint and Request for Injunction was filed by Plaintiffs. *See* ECF No. 14.

## II. SUMMARY OF PARTIES' CONTENTIONS

### 1. **Defendant Steven Shaffer's Motion to Dismiss**

On October 19, 2022, Defendant Steven Shaffer, by counsel, filed his Motion to Dismiss

and memorandum in support thereof, contending that dismissal is warranted for a number of

reasons. ECF Nos. 15 and 16. First, Defendant Shaffer argues that this Court should dismiss

Plaintiffs' Complaint for lack of jurisdiction because Plaintiffs do not allege facts which would allow this Court to exercise either diversity or federal question jurisdiction. ECF No. 16 at 4-5. Secondly, Defendant Shaffer contends Plaintiffs do not set forth any allegations in the Complaint articulating how Defendant Shaffer allegedly caused harm. *See* ECF No. 16 at 5-6. Third, Defendant Shaffer argues he is entitled to absolute immunity from any viable claim Plaintiffs could bring, as his only involvement herein is related to his actions as a Circuit Court judge. *See* ECF No. 16 at 6-7. Fourth, Defendant Shaffer argues that, because Plaintiff's claims seek to reverse a judgment in the Preston County Circuit Court, this Court should decline to exercise any jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine[5] or the <u>Younger</u> abstention doctrine.[6] *See* ECF No. 16 at 7-9.

### 2.   **Defendant Kendra Ross's Motion to Remand and Motion to Dismiss**

On October 21, 2022, Defendant Kendra Ross, by counsel, filed a Motion to Remand and memorandum in support thereof, ECF Nos. 19 and 20, and a Motion to Dismiss and memorandum in support thereof, ECF No. 21 and 22. Defendant Kendra Ross explains in her motions that, because it is "unclear whether the Carrolls intended to file a new civil action (as the plaintiffs) or remove a state court action (as the defendants)[,]" Ross simultaneously filed a motion to remand and motion to dismiss. *See* ECF Nos. 19 at n.1, ECF No. 20 at n.1, ECF No. 21 at n. 1, and ECF No. 22 at n. 1.

---

[5] <u>Rooker-Feldman</u> is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" <u>Amer. Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003) (quoting <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994)). *See generally* <u>Plyler v. Moore</u>, 129 F.3d 728, 731 (4th Cir. 1997)(citing <u>District of Columbia Ct. App. v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, (1923)).

[6] The <u>Younger</u> abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present any federal claims in the state proceeding. *See* <u>Makau</u>, No. 1:16CV1346, 2017 WL 439518, at *2 (M.D.N.C. Jan. 11, 2017), *report and recommendation adopted*, No. 1:16CV1346, 2017 WL 435808 (M.D.N.C. Feb. 1, 2017), *aff'd*, 691 F. App'x 781 (4th Cir. 2017); *see generally* <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

In her Motion to Remand, Ross argues that the Carrolls attempted removal from the Circuit Court of Preston County, West Virginia in Case No. 12-C-57 is defective under Title 18, United States Code, Section 1446 for numerous reasons. ECF No. 20 at 2 (citing 28 U.S.C. § 1446). Ross argues the attempted removal is untimely under 28 U.S.C. § 1446(b)(1) and § 1446(c)(1), defective because The Promise Keepers, Inc, did not consent to the removal pursuant to 28 U.S.C. 1446(b)(2)(A), and is not removable based on diversity jurisdiction because the Carrolls are West Virginia citizens and there is not complete diversity of citizenship, depriving the Court of subject matter jurisdiction. ECF No. 20 at 2. Defendant Ross requests that this action be remanded to the Circuit Court of Preston Court and further requests the award of her reasonable attorneys' fees and costs. Id.

In her Motion to Dismiss, Ross argues that this action should be dismissed for numerous reasons. ECF No. 22. First, Ross argues that this Court lacks subject matter jurisdiction over this action because complete diversity is lacking. ECF No. 22. (citing 28 U.S.C. § 1332 and Fed. R. Civ P. 12(b)(1)). Second, Ross argues, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), that this matter should be dismissed as any process purportedly attempted or served on Ross was insufficient. Third, Ross argues that pursuant to Fed. R. Civil P. 12(b)(6), this Court should dismiss this action because Plaintiffs have failed to state a claim upon which relief may be granted. Specifically, Ross argues that the Carrolls fail to sufficiently articulate cognizable claims for breach of oral contract or perjury. Fourth, and finally, Ross argues this Court should dismiss this

case pursuant to the <u>Colorado River</u> doctrine,[7] because the Plaintiffs are effectively attempting to appeal a state court decision. ECF No. 22 at 2.

### 3. **Defendant Kendra Ross's Memorandum in Response to Plaintiffs' Motion for Preliminary Injunction**

On October 21, 2022, Defendant Kendra Ross filed a Response wherein she provides a factual summary of the events in question, using public records, ECF No. 23 at 1-2, and argues that Plaintiffs have not met their burden of showing the prerequisites required to obtain preliminary injunctive relief, ECF No. 23 at 3. Accordingly, Defendant Ross requests that this Court deny Plaintiffs' request for a preliminary injunction. <u>Id</u>.

### 4. **Plaintiffs' Motion for the Habeas Corpus of Kendra Ross For Proof She is Still Living and Not Deceased**

On October 24, 2022, Plaintiffs Leonard Carroll and Stephanie Carroll filed a motion, entitled "Motion for the Habeas Corpus of Kendra Ross For Proof She is Still Living and Not Deceased," wherein Plaintiffs request this Court order the appearance of Kendra Ross in person in this Court. ECF No. 25. In the Motion, Plaintiff allege that "[t]hese law firms claim to represent KENDRA ROSS without any proof of a contract and what appears to be a forged signature" and assert that "the Carroll's are entitled under rule 17 FRCP to confront a real party of interest." <u>Id</u>. at 1. Plaintiff assert "The Carroll's have been victimized, threatened and extorted when there is no proof or evidence that KENDRA ROSS is still alive. . . . As far as we know they killed her and used her name, or they stole her identity to gain unjust enrichments for personal profit OR possibly without her knowledge." ECF No. 25 at 1-2. Plaintiffs conclude by stating "We the Carroll's are

---

[7] Under the <u>Colorado River</u> abstention doctrine, federal courts may refrain from hearing claims "in favor of ongoing, parallel proceedings in cases where 'consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." <u>Ackerman v. ExxonMobil Corp.</u>, 734 F.3d 237, 248 (4th Cir. 2013) (quoting <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)).

entitled to confront in open Court who is trying to steal our home in person and have her state on the record in open court her claims." ECF No. 25 at 2.

### 5. **Plaintiffs' Objection to Any Dismissal on the Grounds Under Rule 12**

On October 24, 2022, Plaintiffs filed with the Court a document entitled "Objection to Any Dismissal on the Grounds under Rule 12." ECF No. 26. In the filing, Plaintiffs first object to Defendants' case headings used in filings referring to this Court and motion this Court "to instruct defendant to comply with the written statutes unless the[y] can provide new federal statutes to the contrary to support the name change[.]" ECF No. 26 at 1. Plaintiffs secondly request proof that "West Virginia is not a proper State[8] but indeed is a Territory as Guam, Virginia Islands as defined in 28 USC 610 and not 'A State' as defined in 28 USC 1291, 1441 1446 & 18 USC 331." *Id.*

Next, in the filing, Plaintiffs make several contentions regarding Defendant Steven Shaffer:

1. STEVEN SHAFFER being aware of his judicial duties did set out to deny due process and suppress the Carroll's filing to air and cover up false and misleading filing by Kendra Ross and her Attorney ASHLEY HARDESTY ODELL.
2. STEVEN SHAFFER being Fully aware that there is "No Law" but only court opinions, that the Carroll's could not represent themselves and the Promise Keeper was denied the right to defend themselves in his courtroom.
3. STEVEN SHAFFER being under an oath to the Constitution and under the rules Canon has used his position to discriminate and deny due process of law to did [sic] knowingly and willingly aid and abet in false misleading claims against the Carroll's. . . .
2. Whereas STEVEN SHAFFER suppressed and did conceal this fact that ASHLEY HARDESTY ODELL was operating without a license and without an admission form to practice in his court.

ECF No. 26 at 2-3. Plaintiffs also make the following allegations and statements regarding attorneys Susan L. Deniker and Mark G. Jeffries, who represent Kendra Ross and Steven Shaffer in this action, respectively:

---

[8] The undersigned would note that the U.S. Supreme Court settled the dispute regarding West Virginia's statehood and confirmed West Virginia as a state, admitted to the union and on equal footing with all other states, in all respects, in 1870. State of Virginia v. State of W. Virginia, 78 U.S. 39, 44, 20 L. Ed. 67 (1870).

> 5. If Attorney SUSAN L. DENIKER & Attorney MARK G. JEFFRIES is going to declare
> we do not use Laws or Statutes, but we use Theories and Concepts,
> 6. Then Attorney SUSAN L. DENIKER & Attorney MARK G. JEFFRIES and the Court needs to look at our brief in the same matter as it is our Theories and Concept.. . .
> 1. Demand/Motion for Attorney SUSAN L. DENIKER & Attorney MARK G. JEFFRIES
> to place on the court record a copy of the following for lawful Standing;
> a) The Admission form to operate in this district court
> b) Copy of Their Federal Bar license to practice
> c) proof of membership of the Federal Bar Association under 36 USC 705
> d) Proof they are registered with the Secretary of State as a license Corporation/ business as a Law firm business."

ECF No. 26 at 2-3. Plaintiffs conclude by stating "Until proof of Attorney SUSAN L. DENIKER & Attorney MARK G. JEFFRIES Lawful Standing to enter this case[9] and not this Court opinion but verified proof under the rules. If Attorney SUSAN L. DENIKER & Attorney MARK G. JEFFRIES, Willful[ly] fail[] to comply[,] [t]hen under Rule 11[,] [a] sanction for unauthorized filing is being demanded and their filing [should] be stricken from the record." ECF No. 26 at 3.

### 6.  **Defendant Ashley Hardesty Odell's Motion to Dismiss**

On October 25, 2022, Defendant Ashley Hardesty Odell, by counsel, filed a Motion to Dismiss, and accompanying memorandum in support thereof, arguing that all claims asserted concerning Odell must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 28 and 28-1. Defendant Odell first argues that Plaintiffs' claims are barred in their entirety due to the Rooker-Feldman doctrine,[10] due to a lack of subject matter jurisdiction, and due to litigation privilege, which extends to all of Odell's action in the underlying

---

[9] The undersigned would note that attorneys Mark G. Jeffries and Susan L. Deniker are both admitted to practice law in this federal court, the U.S. District Court for the Northern District of West Virginia. Further, attorneys Mark G. Jeffries and Susan L. Deniker are also both active members of the West Virginia State Bar who are admitted to practice law in the state of West Virginia. Information regarding attorney admissions and professional liability insurance is publicly available on the West Virginia State Bar Website. *See* Membership Directory Search, West Virginia State Bar, https://mywvbar.org/membership-search-members (last visited on October 26, 2022).
[10] *See supra* n. 5.

litigation. ECF No. 28 at 1; 28-1 at 1-11. Defendant Odell secondly argues that Plaintiffs are barred from bringing these claims in federal court due to the common law doctrine of issue preclusion. ECF No. 28 at 1; ECF No. 28-1 at 11-13. Third and finally, Defendant Odell argues that Plaintiffs' complaints should be dismissed for failure to state a claim upon which relief can be granted because the Anti-Injunction Act, 28 U.S.C. § 2283, bars the relief Plaintiffs are requesting from this federal court, and Plaintiffs have failed to adequately articulate their claims against Odell. ECF No. 28 at 1; ECF No. 28-1 at 13-14.

   7. **Defendant The West Virginia State Bar's Motion to Dismiss**

On October 26, 2022, Defendant The West Virginia State Bar filed its Motion to Dismiss and memorandum in support thereof. ECF Nos. 29 and 30. The West Virginia State Bar first argues that dismissal is warranted because this Court does not have subject matter jurisdiction over Plaintiffs' claims, which arise from an adverse judgment in West Virginia state court. ECF No. 29 at 1; ECF No. 30 at 4-5. The West Virginia Bar further argues that this Court should decline to exercise any jurisdiction it may have under the Rooker-Feldman[11] or Younger[12] abstention doctrine because Plaintiffs' claims seek to reverse a state court judgment. ECF No. 29 at 1; ECF No. 30 at 6-8. The West Virginia State Bar secondly argues that dismissal is warranted because Plaintiffs do not set forth any allegations articulating how the organization has allegedly caused harm to them. ECF No. 29 at 1; ECF No. 30 at 5-6.

   8. **Plaintiffs' Motion for Hearing to Renew to Stay Injunction**

On October 27, 2022, Plaintiffs filed a motion entitled "Motion for Hearing to Renew to Stay Injunction." ECF No. 32. In this Motion, Plaintiffs Leonard and Stephanie Carroll request this Court set a hearing "to address the reason for the injunction against the defendants[,]" order

---

[11] *See supra* n. 5.
[12] *See supra* n. 6.

Defendant Ross to "go on the witness stand so she can be questioned to these allegations and misleading claims[,]" order the production of all contracts between Kendra Ross and her *pro bono* counsel, order all attorneys produce proof of their bar license, membership, professional liability insurance, and business licensure,[13] and order Rule 11 sanctions for "uncostly delay and frivolous filings" if Defendants or their counsel fail to comply accordingly. Id. Plaintiffs also include in their motion a statement that "[t]he property belonged to the Caroll's and only leased to the Promise Keeper for usage and this fact was suppressed from the records by MCGUIREWOOD"[14] and "[t]his property . . . has been our 'Carroll's' home and the farmland was leased out for Agriculture usage under a verbal contract to different parties." ECF No. 32 at 1.

### 9.  Plaintiffs' Objection to McGuireWooods LLP as Frivolous and Lack Merit

On October 27, 2022, Plaintiffs filed a document entitled "Objection to McGuireWooods LLP as Frivolous and Lack Merit." ECF No. 33. In their filed Objection, Plaintiffs reiterate their request from their prior Motion, ECF No. 25, that Defendant Ross be ordered to appear before this Court and be "placed on the witness stand to be questioned." ECF No. 33 at 2-3. Plaintiffs assert that security measures such as "bullproof vests," "special forces," "bodyguard work," and "armored personnel transport vehicle[s]," could be employed if necessary to ensure Defendant Kendra Ross's safety and protection at these hearings. ECF No. 33 at 3. Plaintiffs request the testimony of a live witnesses pursuant to Rules 602 and 603 of the Federal Rules of Evidence. ECF No. 33 at 1. Plaintiffs claim that "at no time has KENDRA ROSS appeared live before any hearing[.]" ECF No. 33 at 2.

Plaintiffs further allege that McGuireWoods' claims on Defendant Ross's behalf are "[f]rivilous and meritless" and assert that "[t]his whole concealing of KENDRA ROSS by these

---

[13] *See supra* at n. 9 regarding attorney admissions and professional liability insurance.
[14] *See supra* at n. 4 regarding property ownership as reflected in public records.

Law Firms gives arising to suspicion and the possibility of that her whole case was based on fabrication, discrimination and Politically Motivated against a class of people." ECF No. 33 at 1 and 3. Plaintiffs request "proof of contract" between McGuireWoods LLP, Brooks. H. Spears, and Defendant Kendra Ross and further request Brooks H. Spears[15] produce his federal bar license, bar association membership documentation, business license, admission to practice before this court, and all written contracts between Defendant Kendra Ross and any law firms. ECF No. 33 at 2. Lastly, Plaintiffs object to "any form of attorneys fees as they claim they are pro bono and can collect out of ILOTA account charges to the Bar program." ECF No. 33 at 3.

### 10. **Defendant Steven Shaffer's Reply to Plaintiffs' Response to Motion to Dismiss**

On October 31, 2022, Defendant Steven Shaffer, by counsel, filed a Reply, ECF No. 38, to Plaintiffs' earlier-filed Response, ECF No. 26. In Reply, Defendant Shaffer argues that this Court should not consider the new allegation in Plaintiffs' Response, ECF No. 26 at 2 (alleging Shaffer denied due process by entry of default judgment), because this allegation is not contained in the original Complaint. ECF No. 38 (citing Leonard v. Starkey, No. 1:14-CV-42, 2015 WL 8474533, at *3 (N.D.W. Va. Dec. 8, 2015) (refusing to consider new allegations raised for first time in response to Rule 12(b)(6) motion)).

Further, Defendant Shaffer argues that entry of default judgment after parties have been properly served process and failed to timely respond to a complaint lodged against them in state court is not a violation of due process. ECF No. 38 at 2 (citing Mora v. The City Of Gaithersburg, MD, 519 F.3d 216, 230 (4th Cir. 2008) and United States v. Mercedes-Benz 2000 Model S400, 84 F. App'x 652, 654 (7th Cir. 2003) (finding that entry of default judgment did not deny due process

---

[15] *See supra* at n. 9 regarding attorney admissions and professional liability insurance. The undersigned would note that Brooks H. Spears is both admitted to practice in this federal court, the U.S. District Court for the Northern District of West Virginia, and is an active member admitted to practice law in West Virginia.

rights)). Defendant Shaffer concludes by reiterating his position that, regardless of the new due process allegation, this Court is without subject matter over Plaintiffs' claims, this Court should abstain from exercise jurisdiction pursuant to the <u>Rooker-Feldman</u> or <u>Younger</u> abstention doctrines, Plaintiffs allege no facts against Defendant Shaffer as to state a cognizable claim for relief, and Defendant Shaffer is, nonetheless, entitled to absolute immunity. ECF No. 38 at 2-3.

**11. <u>Plaintiffs' Objection to West Virginia Bar Dismissal</u>**

On November 1, 2022, Plaintiffs filed a document entitled "Objection to West Virginia Bar Dismissal[.]" ECF No. 39. In the Objection, Plaintiffs state that they object to any dismissal under Rule 12(b) as "this is an escape clause to obstruct justice and conceal wrongful acts by Bar members." ECF No. 39 at 1. Plaintiffs then go on to state various grievances against "State and Federal Bar" organizations as "closed membership group[s]" and "private and artificial entit[ies]" that are "run by its own members thereby creating conflict of bias and prejudice and a monopoly by private ran employees for self-serving enrichment." <u>Id</u>. Plaintiffs allege in their Objection that they "have been discriminated against and denied the right to a defense solely based on the grounds of not hiring a BAR Attorney." ECF No. 38 at 2. Plaintiffs then "point to federal statutes to support our action" and list reference to Title 18, United States Code Section 402, which defines "Contempts constituting crimes." ECF No. 39 at 3 (citing 18 U.S. § 402).

Plaintiffs then allege:

State and Federal Bar members . . . have concealed KENDRA ROSS from appearing in court in person and being put on the witness stand to be questioned as to why she thinks she is entitled to steal our property to which would expose the abuse of the member belonging to the Bar. Because all defendants belong to the Bar which is an artificial insemination to screw over the average citizen this becomes a monopoly as the Bar is Artificial and not a living entity but made up in the same fashion as a "Corporation" with workers. . . . By the Bar being Artificial and cannot grant or give licenses nor give legal advice, nor able to speak only by such members of the Bar, as only being employed and paying dues now fall under the Bar policy that an artificial person cannot represent, so KENDRA ROSS will

16

be required to come forth write up her own court filing and testify in the "Interest
of Justice" and not Bar policy and the Bar concealment of the truth.

ECF No. 38 at 4. Plaintiffs conclude by stating that Plaintiffs now move the Court to require that

"all Attorneys, the defendants and their Legal Counsel now produce a valid license to practice law

and verification of being Member of the Bar Association and their Corporation business license

showing they are a real business registered with this State." Id.

### 12. **Defendant Kendra Ross's Reply Memorandum In Support Of Motion To Dismiss**

On November 2, 2022, Defendant Kendra Ross, by counsel, filed her Reply Memorandum

in Support of Motion to Dismiss. ECF No. 40. In Reply, Defendant Ross asserts that Plaintiffs'

main argument is that "Ross must conduct her litigation personally instead of by counsel" but Ross

rejects that argument, citing to Title 18, United States Code Section 1654. ECF No. 40 at 1. Further,

Defendant Ross argues that Plaintiffs fail to proffer any evidence that "Marcy Koontz," identified

on the Proof of Service, located at ECF No. 12, was authorized to accept service on behalf of Ross

under Fed. R. Civ. P. 4(e)(2)(C). Id. Defendant Ross includes as an exhibit to the Reply, ECF No.

40-1, an affidavit from Ms. Koontz attesting that Koontz was not authorized to accept service on

behalf of Ross. Id. Lastly, Defendant Ross adopts the argument made by her co-defendants that

this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. ECF No. 40 at 2.

Defendant Ross requests that the Court grant her motion and dismiss this matter. Id.

### 13. **Plaintiffs' Nov. 1, 2022 Objection to McGuireWoods LLP as Frivolous and Lack Merit**

On November 1, 2022, Plaintiffs filed a document entitled "Objection to McGuireWoods

LLP as Frivolous and Lack Merit." ECF No. 41.  This document appears nearly identical, both in

substantive, word-for-word content and in formatting, to the prior document filed by the Plaintiffs

on October 27, 2022, likewise entitled "Objection to McGuireWoods LLP as Frivolous and Lack

Merit." ECF No. 33.

### 14. **Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify**

On the same day, November 1, 2022, Plaintiffs filed a Motion for Habeas Corpus Hearing,

ECF No. 42. In the Motion, Plaintiff move this Court to order and require a live appearance of

Defendant Kendra Ross and further requested that Plaintiffs be given the opportunity to question

Defendant Ross. Id. at 1.

### 15. **Plaintiffs' Objection to Mark Jeffries Filing For Lack of Standing**

On the same day, November 1, 2022, Plaintiffs filed a document entitled "Objection to

Mark Jeffries Filing for Lack of Standing." ECF No. 43. In this Objection, Plaintiffs state that

"having firsthand knowledge of Judge Steven Shaffer due process violation and of his willful

misconduct to allow the Carroll's defense cannot be rebutted by Attorney Mark Jeffries as he

lacks standing as he was not in the courtroom at the time to be a witness." ECF No. 43 at 1.

Plaintiffs further state that if Attorney Jeffries is "going to claim[ ] such allegation[s] need[s] to

take the witness Stand under sworn oath and give testimony." Id. Plaintiffs further "state on the

record that this federal court filing was filed and removed from Judge Shaffer Court before any

order for default was placed on the record on the Court docket. . . . [Plaintiffs] gave Notice to the

Clerk of Court of the removal and did check to see if any order had been on record. . . . Any order

by Judge Shaffer was backdated to cover up the removal by the [Plaintiffs]."[16] ECF No. 43 at 2.

Plaintiffs next demand that all Defendants and their attorneys place on the record credentials

showing the attorneys bar licenses, proof of membership to state and/or federal bar associations,

---

[16] The undersigned will note the default judgment order was entered in the underlying litigation on September 21, 2022, *See* ECF No 16-1, Exhibit 1 – Order Granting Motion for Default Judgment in the Circuit Court of Preston County, West Virginia, Case No. 21-C-57; <u>Ross v. The Promise Keepers, Inc. et al.</u>, Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Sept. 21, 2022), and Plaintiffs initiated this action on September 27, 2022.

business licenses for their respective firms, and proof that they took an oath and are admitted to practice in this Court. ECF No. 43 at 2. Plaintiffs request Rule 11 sanctions if defense counsel fails to provide said documents. Id.

### 16. **Plaintiffs' Third a pattern Objection to McGuireWoods LLP as Frivolous and Lack Merit**

On November 4, 2022, Plaintiffs filed a document entitled "Third a pattern Objection to McGuireWoods LLP as Frivolous and Lack Merit." ECF No. 44. Within this filing, Plaintiffs repeat their objections from prior filings that attorneys are practice before this Court and other courts without providing to the Plaintiffs proof of their "valid Bar license, Bar Association membership. Proof of a valid business license and a proper admission form to show Standing." ECF No. 44 at 2. Plaintiffs also state they "are starting to see a pattern that no one wants KENDRA ROSS to appear[.]" Id. Plaintiffs "[m]otion to have all of the McGuire Wood filing removed for willful failure to prove Standing and the Carroll's will agree to have KENDRA ROSS come before this Court for a trial by jury." Id.

### 17. **Plaintiffs' Layman Understanding of Roseboro v. Garrison With Affidavits**

On November 9, 2022, Plaintiffs filed a document entitled "Layman Understanding of Roseboro v. Garrison With Affidavits." ECF No. 49. In this filing, Plaintiffs state they will "do their best to lay out why this case should not be dismiss[ed]1 'But' . . . [t]he facts still remain that the defendants lack Standing to act as they have refused to provide" copies to Plaintiffs of their bar association membership and proof of their ability to practice law in the state of West Virginia. ECF No. 49 at 2. Plaintiffs assert that they are trying to understand the standard put forth by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) and the purpose of the Court's Roseboro notices when the case have been reversed and remanded. ECF No. 49 at 1-6.

Plaintiffs provide the facts of the case, "to the best of our knowledge" in the filing and attached affidavits. ECF No. 49 at 3. Plaintiffs claim "the farm and land belonged to the Carroll's in 2013, the Promise Keeper did not come about until 2018 . . . so for the Promise Keeper to own something before their creation is impossible and a reasonable mine  [sic] could figure that out. But this is another lie of KENDRA ROSS pro bono defense." Id. Plaintiffs allege "long story short Steven Shaffer denied all of our paperwork so there is nothing on the record for an appeal." ECF No. 49 at 5. Plaintiffs allege the September 21, 2022 Default Judgment Order entered in the Preston County Circuit Court was "backdated to cover up to give the appearance of untimely filing" of the September 27, 2022 Complaint initiating this action. ECF No. 49 at 5.

In the first affidavits provided as exhibits to the filing, Plaintiffs allege they were improperly served in "the Kansas case" and "proof of this documentation is in the Preston County Clerk of Court office under case file number 21-C-57 (3) sheets showing [non-service]." ECF No. 49-1 at 1. Plaintiffs further allege "Judge Shaffer sat in the court room doing the hearing and asked Odell if the Kansas party was serve she answered yes while Shaffer flipped thru the case file and page paused and shared an out right lie the party was served, we the Carroll's looked at each other in aw because we had the document there in our note book stating that the Kansas party was never serve[d]." ECF No. 49-1 at 1-2. Plaintiffs further state:

> We the Carroll are suppose to receive what the US Constitution shares as a Citizen this means That the Federal Government cannot deprive any person of life, liberty or property without Due process of the Law which we did not receive in our previous Court hearing. . . . The only thing we the Carroll's received was chicanery by Judge Shaffer and Ashley Odell In the proceedings on the 9th of August of this year 2022 . . . We the Carroll's were ostracized by Judge Steven Shaffer for being Pro Se, litigants which Is against the law and the Oath of office of the Bar Association, the cannon rules and against our Bill of Rights. . . . A scenario of chicanery; Judge Shaffer and Ashley Odell attorney in our Hearing for the defend We're speaking in relationship to Odell's request for the Default Judgment which we the Carroll's knew nothing about was suppose to be filed and on recorded which

> it was not listed we checked on August 8th 2022, the day before the hearing
> .However on August
> 11th two days after the hearing an entry appeared on the docket ledger ,how is this
> possible
> unless Odell can go back in time. . . . On August 11th we the Carroll's received the
> document from Odell's via US Postal Service Two days after the hearing Odell
> requested for default judgment against us the Carroll's[.] . . . Shaffer didn't fulfill
> his job description in this instance he never checked to see if we the Carroll's
> received or had the paperwork, Shaffer should have asked if we had all of the
> Related documents needed for this process and when we shared no, he in turn was
> to direct his comments to Odell to make sure the Carroll's received all legal notices
> and everthing was done in accordance to the WV Law and Rules of the court,
> staying neutral which he did not in this case."Judge Shaffer was Judge, Lawyer and
> Jury."

ECF No. 49-1 at 2. Plaintiffs also attest that Kendra Ross was never a member of the Promise

Keepers and that Plaintiffs "have owned this property located in Preston County since 2013[.]"

ECF No. 49-1 at 1-2. Plaintiffs add "[t]his whole scenario should be consider[ed] as malicious

prosecution and vexatious litigation." ECF No. 49-1 at 4.

In the second affidavit, Plaintiffs add "Kendra Ross was brought into the UNOI by her

mother who gave protection and permission for anything Kendra wanted to participate in. Kendra

Ross and her mother

at some point left the community only to return later. Kendra Ross left the UNOI again on her

own. Where was there any trafiking going on. These are blatant out and out lies by Kendra Ross

and all her pro bono lawyers. Kendra Ross is not a victim." ECF No. 49-2 at 2. Plaintiffs further

attest "[t]his so called claim on the Carroll's property by Kendra Ross . . . was based on an un-

proper summon services to the Kansas Case as the real party has never been served." ECF No. 49-

2 at 2. Plaintiffs also attest:

> We the Carroll's where [sic] prevented from speaking on behalf of the Promise
> Keepers Inc. [c]ited by Judge Shaffer that we were not Lawyer's, even though the
> Summons was Against the Promise Keepers, Inc. . . . Judge Steven Shaffer became
> antagonistic, aggressive, and personnel towards us, for not obtaining a lawyer to
> represent us. Accusing us of not even attempting to hiring a lawyer. This is in

violation of our Constitutional Rights. . . . We the Carroll's were criticized for asking for 90 days to find a lawyer. Judge Steven Shaffer said during the procedure that he ignored our request due to a lack Of an order, and that he will not do anything without an order. Judge Shaffer admitted that he denied all of our motions that were filed into the clerk of courts office. This is in Violation of the rules of disclosure, our Constitutional Right, Rules of the Bar Association, our Civil Right and our fourth Amendment Rights. . . . We the Carroll's requested by Subpoena to bring into court our accuser Kendra Ross Judge Shaffer shared we cannot subpoena our accuser in the Preston County court we should have done so in the court in Kansas City court. However this case was brought into the West Virginia Jurisdiction. 9. . . Judge Steven Shaffer and Ashley Odell shared that the Promise Keepers, Inc. in Kansas City Kansas was served by summons and an officer of the organization was served. However there is no evidence in the court records that any official from the Promise in Kansas City was ever served. This is another violation our Constitutional Rights. It is clear that Judge Steven Shaffer and Ashley Hardesty Odell committed Perjury. . . . We the Carroll's brought to the attention of Judge Shaffer the ruling of Judge Crabtree a Federal Judge from Kansas City Kansas on proper procedure for Summons delivery, Judge Shaffer became hostile and shared he would not Allow us the Carroll's to bring another Judge's ruling into his courtroom. A Federal Judges ruling according to the Constitution supersede the Civil Court Ruling. Article 4 of the United States Constitution.

ECF No. 49-2 at 3. Regarding their property ownership, Plaintiffs add,

> [w]e the Carroll's have owned this property since 2013 and have been paying the taxes consistently. . . . We the Carroll's had a verbal agreement with the Promise Keepers giving them permission to utilize the land for Agricultural purposes, teaching Agriculture and providing food for the members. However in the event that the land was no longer needed the property would return back to us the Carroll's. . . . The Promise Keepers where only allowed to purchase what was needed for farming The land and teaching purposes. . . . We the Carroll's had a legally binding Verbal Agreement with the Promise Keepers 'A Legal Spoken Word Agreement', and we the Carroll would continue the responsibility of paying the taxes.

ECF No. 49-2 at 4. Plaintiffs conclude by stating: "We the Carroll's are being accused of failing to state a claim. We have stated our claim This Property belong to us. And we have placed it on record several times." ECF No. 49-2 at 5.

### 18. **Defendant The West Virginia State Bar's Reply to Plaintiffs' Response In Opposition to Motion to Dismiss**

On the same date, November 8, 2022, Defendant The West Virginia State Bar filed its Reply to Plaintiffs' Response in Opposition to Motion to Dismiss. ECF No. 50. In the Reply, the

West Virginia State Bar, by counsel, argues that Plaintiffs have made no substantive arguments in opposition to the pending Motion to Dismiss. ECF No. 50 at 1. The West Virginia State Bar assert that Plaintiffs have spent "most of their response railing against the mere existence of the Bar" and have not addressed the "dispositive questions of whether this Court has jurisdiction over Plaintiffs' claims and whether Plaintiffs have stated a claim against the Bar upon which relief may be granted[.]" ECF No. 50 at 2. The West Virginia State Bar argues in the Reply that, even though Plaintiffs attempt to invoke federal question jurisdiction in their Response by citing 18 U.S.C. § 402, this Court should not consider new allegations included in the Response where the same allegations or any other violations of federal statutes were not included in the original Complaint. ECF No. 50 at 2-3 (citing Leonard v. Starkey, No. 1:14-CV-42, 2015 WL 8474533, at *3 (N.D.W. Va. Dec. 8, 2015)). The West Virginia State Bar concludes by arguing that because Plaintiffs have not shown any basis for this Court's subject matter jurisdiction over their claim, nor have they identified allegations in the Complaint that are against the Bar, even if the Court had jurisdiction, this Court should dismiss Plaintiffs' claims against the Bar. ECF No. 50 at 3.

### 19. Defendant West Virginia Bar Association's Motion to Dismiss[17]

On November 10, 2022, Defendant West Virginia Bar Association filed its Motion to Dismiss, ECF No. 51, and memorandum in support thereof, ECF No. 52. In its motion, the West Virginia Bar Association asserts that this action should be dismissed because (1) this Court does not have subject matter jurisdiction, because complete diversity is lacking; (2) there has not been sufficient process; or (3) even if there had been sufficient process, there has not been sufficient

---

[17] The Roseboro Notice related to this Motion was filed by the Court on November 15, 2022. ECF No. 53. **While Plaintiffs have not yet responded to this Motion to Dismiss, the arguments therein mirror identical arguments in the other Motions to Dismiss, ECFs Nos, 15, 16, 21, 22, 28, 28-1, 29, and 30, for which Plaintiffs have had an opportunity to respond, ECF Nos. 25, 26, 32, 33, 41, 42, 43, 44, and 49.** For judicial economy, the undersigned now issues this Report and Recommendation on the fully briefed issues presented, but the undersigned will supplement this Report and Recommendation, if needed, should Plaintiffs respond to the Motion to Dismiss, ECF Nos, 51, 52, with any substantive arguments that would change the analysis.

service of process on the West Virginia Bar Association; and (4) Plaintiffs have failed to state a claim upon which relief could be granted. ECF No. 52 at 1-2.        Specifically,        the        West Virginia Bar Association asserts that the process served on the organization did not name the Court or all the parties, it was addressed to the wrong address, and did not provide the address of the Plaintiffs as required by Rule 4(a)(1) of the Federal Rules of Civil Procedure. ECF No. 52 at 2. The West Virginia Bar Association explains the organization was only made aware of this action because Defendant The West Virginia State Bar forwarded the mail received to Defendant West Virginia Bar Association. Id.

Defendant West Virginia Bar Association argues that the claims against the association should be dismissed pursuant to Rule 12(b)(6) because the only allegation made against the association is that Defendants Steven Shaffer and Ashley Hardesty Odell are current members or were members at the time of the filing of the underlying actions. Id.  Defendant West Virginia Bar Association provides as an exhibit, ECF No. 52-2, an affidavit by Tessa White, Executive Director of the West Virginia Bar Association, attesting that Defendants Shaffer and Odell were not members of the association as alleged, currently, or at the time of the filing of the underlying action. Defendant West Virginia Bar Association concludes by requesting that this Court dismiss the action against it because "[t]here are no allegations that any action of the WVBA has harmed the Carrolls or that the Carrolls are entitled to any relief from the WVBA." ECF No. 52 at 2.

### 20. **Reply in Support of Defendant Ashley Hardesty Odell's Motion to Dismiss**

On November 15, 2022, Defendant Ashley Hardesty Odell filed a Reply, ECF No. 54, in Response to Plaintiffs' filing the Layman Understanding of Roseboro v. Garrison, ECF No. 49. In her Reply, Defendant Odell asserts that Plaintiffs have "advanced no argument which corrects the lack of subject matter jurisdiction which exists over their claims" and "have offered only inaccurate

statements which bear no relevance to the jurisdictional deficiencies that are dispositive." ECF No. 54 at 1. Defendant Odell asserts that it is a public record that she is a actively licensed attorney in the state of West Virginia, admitted to practice law in West Virginia on October 9, 2003, and practices at the law firm of Bowles Rice LLP. ECF No. 54 at 2. *See also* West Virginia State Bar Attorney Profile for Odell, ECF No. 54-1. Defendant Odell asserts that the arguments advanced by Plaintiffs in their response regarding licensure are factually inaccurate and have no bearing on the substantive legal arguments presented. *Id*. Odell concludes by renewing her request that this Court grant her Motion to Dismiss, ECF No. 28 and 28-1, and summarily dispose of this matter.

### III. LEGAL STANDARDS

#### A.  Motion for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Nat. Res. Def. Counsel, Inc., 555 U.S. 7 (2008)); *see* Peterson v. Nat'l Telecomms. & Info. Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992)) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to justify the extraordinary remedy that a preliminary injunction provides, the movant has the burden of demonstrating the following: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); *see* Direx Israel, 952 F.2d at 812 (indicating that the moving party bears the burden of demonstrating the propriety of a

preliminary injunction). In <u>Dewhurst</u>, the United States Court of Appeals for the Fourth Circuit emphasized the fact that controlling precedent from the Supreme Court mandates that a plaintiff "clearly show" that he is likely to succeed on the merits. <u>Dewhurst</u>, 649 F.3d at 290 (quoting <u>Winter</u>, 555 U.S. at 22) (emphasis added). "[A]ll four requirements must be satisfied," <u>Real Truth About Obama, Inc.</u>, 575 F.3d at 346, and "[a] preliminary injunction shall be granted only if the moving party clearly establishes entitlement." <u>Di Biase v. SPX Corp.</u>, 872 F.3d 224, 230 (4th Cir. 2017). Again, the Court is mindful that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24.

### B.  <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for subject matter jurisdiction. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). In considering a 12(b)(1) motion to dismiss, a "trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." <u>Id</u>. (*citing* <u>Mims v. Kemp</u>, 516 F.2d 21 (4th Cir.1975)). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." <u>Id</u>. The district court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id</u>. (*citing* <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987)).

Furthermore, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); *see also* Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

### C.  Motion to Dismiss for Failure to State a Claim

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Detailed factual allegations are not required. Twombly, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." Id. The "sheer possibility that a defendant has acted unlawfully" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, a court must "liberally construe" complaints filed *pro se*, meaning on one's own behalf without attorney representation. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir.1993)).

When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. Conklin v. Jefferson Cty. Bd. of Educ., 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016)(citing Anheuser–Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). A district court should grant a motion to dismiss where the complaint is insufficient to state a claim to relief. Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir.1985). *See also* Cameron v. MTD Prod., Inc., No. CIV.A.5:03 CV 75, 2004 WL 3256003, at *3 (N.D.W. Va. Jan. 7, 2004), *aff'd*, 90 F. App'x 53 (4th Cir. 2004).

## IV. ANALYSIS

### A. **Plaintiffs have not satisfied their burden as to justify a preliminary injunction.**

In their Complaint, Plaintiffs Leonard Carroll and Stephanie Carroll request as relief, *inter alia*, "[an] injunction to put stop to the sale or the taking of the farm." ECF No. 1 at 8. In subsequent filings of the Complaints and Requests for Injunction filed on October 11 and 12, 2022, Plaintiffs

state that they "Asking for Things To Be Placed On Hold Until We Have A Trial By Jury." ECF No. 11 at 6; ECF No. 14 at 6. Plaintiffs further state that there have been "False and Fabricated Claims and Voilation [sic] of our Civil Right[s] with Prejudice and Perjury Testimony [sic]" and explain they are filing this action "Because We Are Being Dragged Into Court Under False Misleading Claims And Our Property Stolden [sic] Under The False Claim Act." ECF No. 11 at 5; ECF No. 14 at 5.

In her Response filed on October 21, 2022, ECF No. 23, Defendant Kendra Ross argues that the unsupported allegations of the Plaintiffs are insufficient to satisfy their burden of showing the four prerequisites required to obtain preliminary injunctive relief. Accordingly, Defendant Kendra Ross requests that the Court deny Plaintiffs' requests for preliminary injunction. ECF No. 23 at 3.

In her Motion to Dismiss, Defendant Ashley Hardesty Odell specifically argues that this Court lacks the authority to grant Plaintiff's request for an injunction because the Anti-Injunction Act bars federal courts from granting an injunction to stay state court proceedings, absent one of three exceptions, and none of those exceptions apply here. *See* ECF No. 28-1 at 14 (citing Lexington Ins. Co. v. Thrasher Engineering, Inc., No. 1:06CV21, 2008 WL 4525014, at *3 (N.D. W. Va. Sept. 30, 2008) (quoting 28 U.S.C. § 2283)).

Again, in order to justify the extraordinary remedy that is a preliminary injunction, the movants have the burden of demonstrating the following: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); *see*

Direx Israel, 952 F.2d at 812 (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction).

Here, Plaintiffs have not demonstrated that the entry of a preliminary injunction is justified. Even reading the *pro se* filings liberally, Plaintiffs have provided nothing to support that they are likely to succeed on the merits in the case, that the balances of equities tip in their favor, or that an injunction would serve any public interests. The undersigned appreciates Plaintiffs' concerns that they are going to lose their family farm, pursuant to the default judgment order entered in the Circuit Court of Preston County, West Virginia; however, this Court cannot use the extraordinary remedy of a preliminary injunction to stop the state-court-ordered sale, especially where the Plaintiffs have not met their burden to justify such court action and where doing so, for reasons explained more fully herein,[18] would be an overreach of this Court's authority and jurisdiction. Accordingly, the undersigned now **RECOMMENDS** that Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11 and 14, and Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be **DENIED**.

**B. This action should be dismissed for lack of subject matter jurisdiction.**

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611).

---

[18] *See infra* 30-40.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Federal question jurisdiction applies when the plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)).

When the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

### (1) **There is no federal question alleged.**

Plaintiff's stated basis of jurisdiction for this action is diversity of citizenship. *See* ECF No. 1 at 4 (citing 28 U.S. Code § 1332); *see also* ECF No. 1-1 at II. Basis of Jurisdiction (only diversity marked)*.* However, in a few select areas, Plaintiffs refer to federal statutes as their basis for being before this Court, including citations to Section 1983 of The Civil Rights Act of 1871, *see* ECF No. 1-1 at VI. Cause of Action (citing 42 U.S.C. 1983), and citations to the statutes which allow a defendant to remove actions from state court to federal court. *See* ECF No. 1 at 4 and ECF No. 1-1 at V. Origin ("Removed from State Court") and VI. Cause of Action ("28 USC 1446" and "REMOVAL FROM STATE COURT").

Immaterial, insubstantial references to federal statutes do not and cannot provide this Court with jurisdiction over an action. <u>McCartney v. State of W.Va.</u>, 156 F.2d 739, 742 (4th Cir. 1946)(quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946))("[A] suit may be dismissed for lack of jurisdiction in the federal [d]istrict [c]ourt 'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'"). As aptly summarized in Defendant Shaffer's Motion to Dismiss, the central issues raised in this case are those of state law:

> Plaintiffs' Complaint centers on the Preston County Circuit Court's order granting default judgment to Ms. Ross in a claim under the West Virginia Uniform Fraudulent Transfers Act, West Virginia Code §§ 40-1A-1 – 15. The only law cited by Plaintiffs in their Complaint is West Virginia Code § 55-2-6. Plaintiffs also allege that Defendants committed common law slander. None of these state laws confer federal question jurisdiction on the Court.

ECF No. 16 at 5 (internal citations omitted).

The undersigned, having reviewed Plaintiffs' Complaint and subsequent filings, now **FINDS** that there is no federal question jurisdiction as to allow this Court to hear Plaintiffs' claims.

### (2) <u>There is not complete diversity of citizenship.</u>

For this Court to exercise diversity jurisdiction under Title 28, United States Code, Section 1332, "no plaintiff may share a citizenship with any defendant." <u>Navy Fed. Credit Union v. LTD Fin. Servs.</u>, LP, 972 F.3d 344, 352 (4th Cir. 2020).

In the instant case, Plaintiffs Leonard Carroll and Stephanie Carroll are citizens of West Virginia, and Defendants Odell, Ross, Shaffer, the West Virginia State Bar, and the West Virginia Bar Association likewise appear to be citizens of the state of West Virginia. *See* Complaint, ECF No. 1 at 1, 6, and 9 (listing parties involved and respective addresses for parties involved). Accordingly, because there is not complete diversity of citizenship among the parties, the

undersigned **FINDS** there is no diversity jurisdiction as to allow this Court to hear Plaintiffs' claims.

This Court has a duty "to presume . . . a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).

Here, Plaintiffs failed to affirmatively allege facts which show the existence to subject matter jurisdiction, s*ee* Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)), and jurisdiction may not be sustained on a theory that Plaintiffs have not advanced. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)(A court should not "conjure up questions never squarely presented."); Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to").

Accordingly, where this Court is without subject matter jurisdiction, the undersigned now **RECOMMENDS** that Plaintiffs' Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE**, Defendant Kendra Ross's Motion to Remand, ECF No. 19 and 20, be **DENIED AS MOOT**, Plaintiffs' Motion for the Habeas Corpus of Kendra Ross, ECF No. 25, be **DENIED AS MOOT**, Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be **DENIED AS MOOT**, Plaintiffs' Objections, ECF Nos. 26, 33, 41, 43, and 44, be **OVERRULED**, and the Motions to Dismiss by Defendants Steven Shaffer, Kendra Ross, Ashley Hardesty Odell, and the West Virginia State Bar, ECF Nos. 15, 16, 21, 22, 28 29, and 30, be **GRANTED**,

## C. Further, under the Rooker-Feldman, Younger abstention, and Colorado River doctrines, this Court should abstain from exercising jurisdiction.

To be certain, the undersigned **FINDS** that this Court is without subject matter jurisdiction and **RECOMMENDS** that this action be **DISMISSED** accordingly. However, for completeness of the record, the undersigned continues now to state that even if there was a basis for subject matter jurisdiction, the undersigned would **RECOMMEND** that this Court should nonetheless decline to exercise federal jurisdiction in this matter pursuant to the <u>Rooker-Feldman</u>, <u>Younger</u>, and <u>Colorado River</u> abstention doctrines, as suggested by the Defendants.[19]

As a general matter, "federal courts are obliged to decide cases within the scope of federal jurisdiction." <u>Sprint Commc'n, Inc. v. Jacobs</u>, 571 U.S. 69, 71 (2013). A federal court should not abstain "simply because a pending state-court proceeding involves the same subject matter." <u>Id</u>. However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716 (1996). "Specifically, federal courts have the power to refrain from hearing: (1) cases that would interfere with pending state criminal proceedings or certain types of state civil proceedings; (2) cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; (3) cases raising issues intimately involved with the states' sovereign prerogative; (4) cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes; and (5) cases which are duplicative of a pending state proceeding." <u>Launi v. Hampshire Cty. Prosecuting Attorney's Off.</u>, No. 3:19-CV-65, 2020 WL 1908005, at *2 (N.D.W. Va. Apr. 17, 2020)(Groh, J.) (citing <u>Quackenbush</u>, 517 U.S. at 716-17).

---

[19] *See* Defendant Shaffer's Memo. Supp. Motion to Dismiss, ECF No. 16 at 7-9 (arguing for abstention pursuant to <u>Rooker-Feldman</u> or <u>Younger</u> abstention doctrines); Defendant Ross's Memo. Supp. Motion to Dismiss, ECF No. 22 at 2-3 (arguing for abstention pursuant to the <u>Colorado River</u> doctrine); Defendant Ross's Reply, ECF No. 40 at 2 (adopting co-defendant's <u>Rooker-Feldman</u> arguments); Defendant Odell's Mem. Supp. Motion to Dismiss, ECF No. 28-1 at 4-6 (arguing for abstention pursuant to the <u>Rooker-Feldman</u> doctrine); and Defendant The West Virginia State Bar's Memo. Supp. Motion to Dismiss, ECF No. 30 at 6-8 (arguing for abstention pursuant to Rooker-Feldman or Younger abstention doctrines).

Under the Colorado River abstention doctrine, federal courts may refrain from hearing claims "in favor of ongoing, parallel proceedings in cases where 'consideration of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). The Court weighs six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), in determining whether Colorado River abstention is proper:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceedings to protect the parties' rights.

Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (citations omitted). Courts should apply the Colorado River doctrine only in exceptional circumstances. *See* Id. at 463.

Similarly, the Younger abstention doctrine prohibits federal district courts from "interfering with pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (internal quotation and citation omitted). *See generally* Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is warranted when (1) there is an ongoing state proceeding that (2) implicates important state interests, and (3) the state proceeding provides an adequate opportunity to raise federal challenges. Id. at 81. *See also* Makau, No. 1:16CV1346, 2017 WL

439518, at *2 (M.D.N.C. Jan. 11, 2017), *report and recommendation adopted*, No. 1:16CV1346, 2017 WL 435808 (M.D.N.C. Feb. 1, 2017), *aff'd*, 691 F. App'x 781 (4th Cir. 2017).

Likewise, and lastly, Rooker-Feldman is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (*quoting* Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)).

The Rooker-Feldman doctrine serves to protect the notion that jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(*citing* District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)); see also Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")).

The United States Court of Appeals for the Fourth Circuit has explained that "the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

In Rooker, the Plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was "null and void" because, they alleged, it was in violation of the Constitution. Rooker, 263 U.S. at 414-15, 44 S.Ct. 149. The United States Supreme Court held that the district court lacked subject-matter jurisdiction over the claim because "under the legislation of Congress, no court of the United States other than this court could entertain a

proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character." Id. at 416, 44 S.Ct. 149. In Feldman, the United States Supreme Court held that "if the constitutional claims presented to [the district court] are inextricably intertwined with the state court's [ruling] in a judicial proceeding ... then the district court is in essence being called upon to review the state court decision. Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. 1303 (emphasis added).

Again, Rooker-Feldman applies whenever litigants institute a federal action in an attempt to seek review of a state court decision, regardless of how the attempt is styled or presented. Johnson v. HCR Manorcare LLC, No. 1:15-CV-189, 2015 WL 6511301, at *3 (N.D.W. Va. Oct. 28, 2015) (citing Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). The "controlling question" is whether the party "seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is currently subject to reversal or modification" Id. (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997)). The Rooker-Feldman doctrine "is in no way dependent upon the temporal procedural posture of the state court judgment." Id. See also Brown & Root Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000)(Rooker-Feldman doctrine also applies to interlocutory orders issued in state court); Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 319-320 (4th Cir. 2003) ("The fact that such an order may be theoretically subject to modification does not impact the Rooker-Feldman analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order").

Here, Plaintiffs Leonard and Stephanie Carroll are primarily requesting that this Court take action to stop and/or reverse the September 21, 2022 default judgment order entered by the Circuit

Court of Preston County, West Virginia.[20] The relief requested in Plaintiffs' Complaint includes an "injunction to put stop to the sale or the taking of the farm[,]" which is a direct consequence of the September 21, 2022 state court default judgment order. *Cf.* ECF No. 1 at 8 and ECF No. 16-1. Other relief requested in Plaintiffs' Complaint includes a court hearing with a jury trial to hear evidence, an order from this Court requiring Kendra Ross's appearance to give sworn testimony, "[t]o have our evidence and information placed on the record to disprove KENDRA ROSS' allegation[,]" and for personal pain and suffering and slander of our name 15 million U.S. Dollars." ECF No. 1 at 8. Plaintiffs conclude their Complaint by stating "This whole case has been a one-sided matter where no one has been allowed to testify and KENDRA ROSS has never appeared before the court as a defendant. It has always been hearsay with uncreditable testimony with no firsthand standing in law and due process denied." Id.

All of Plaintiffs alleged injuries, as well as the remedies and the relief sought, arise from the text of the September 21, 2022 state court default judgment order or grievances with the procedures and outcome of state court case, Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Sept. 21, 2022), and the prior related federal case in Kansas, Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. 2020).[21]

Appellate review of the September 21, 2022 state court default judgment order is the domain of the West Virginia Intermediate Court of Appeals or Supreme Court of Appeals, not the U.S. District Court for the Northern District of West Virginia.[22] Under the Rooker Feldman

---

[20] See ECF No 16-1, Exhibit 1 – Order Granting Motion for Default Judgment in the Circuit Court of Preston County, West Virginia, Case No. 21-C-57; Ross v. The Promise Keepers, Inc. et al., Case No. 21-C-57 (Cir. Ct. Preston Cnty. W. Va. Sept. 21, 2022).

[21] Additionally, any appeals from orders entered in the U.S. District Court for the District of Kansas would be heard by the U.S. Court of Appeals for the Tenth Circuit. *See generally* 28 U.S.C. § 1291; 28 U.S.C. § 1292(b); and 28 U.S.C. § 1453(c); *see also* The United States Court of Appeals for the Tenth Circuit, https://www.ca10.uscourts.gov/ (last visited Oct. 31, 2022).

[22] *See generally* W. Va. Code § 51-1-3 (jurisdiction of the W. Va. Supreme Court of Appeals) and W. Va. Code § 51-11-4 (establishing jurisdiction and limitations for the W. Va. Intermediate Court of Appeals).

doctrine and related Fourth Circuit jurisprudence, this Court is divested of its authority and its jurisdiction where entertaining the federal claim would be "the equivalent of an appellate review of the state court order." Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002).

Further, the Colorado-River doctrine advises this Court to be mindful of "judicial resources" and "wise judicial administration," when deciding to start parallel federal proceedings or to abstain from exercising jurisdiction. *See* Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (quoting Colorado River, 424 U.S. at 817). The undersigned agrees with the analysis put forth by the Defendants that, moreover, it would not be prudent for this federal court to spend judicial resources entertaining this action where state law dictates the sale of a property in satisfaction of a state court judgment and where at least two court forums have already heard and addressed the matter.

Finally, the undersigned believes the Younger doctrine also supports abstention because state court orders entered to effectuate judgments, such as the September 21, 2022 order here, are "uniquely in furtherance of the state courts' ability to perform their judicial functions" and should remain free from federal intervention. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (internal quotation and citation omitted).

In summary, the undersigned **FINDS** that this Court is without subject matter jurisdiction and **RECOMMENDS** that "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

Moreover, several doctrines, cited by Defendants and analyzed by the undersigned above, weigh in favor of federal abstention, as not to allow this Court to interfere with the functioning of

state courts. Accordingly, the undersigned **RECOMMENDS** the District Judge **FIND** that the

Rooker-Feldman, Younger abstention, and Colorado River doctrines preclude Plaintiffs' indirect

attempt to appeal state court decisions to this Court, and Plaintiffs' claim should be **DISMISSED**

for lack of subject-matter jurisdiction.

      D. **Plaintiffs fail to state claims upon which relief may be granted.**

In the instant action, Defendants Steven Shaffer, Kendra Ross, Ashley Hardesty Odell, and

The West Virginia State Bar have all filed individual Motions to Dismiss, wherein, they argue that

this matter should be dismissed, pursuant to Rule 12(b)(6) pursuant to the Federal Rules of Civil

Procedure, for failure to articulate how the various Defendants harmed the Plaintiffs and state a

claim for which relief should be granted. *See* ECF Nos. 15, 16, 21, 22, 28, 28-1, 29, and 30. Again,

the undersigned **RECOMMENDS** that this matter be **DISMISSED** for lack of subject matter

jurisdiction pursuant to the Rule 12(b)(1), but, for completeness, will also consider Defendants'

12(b)(6) motions.

As stated above, in federal court, a complaint must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The "sheer possibility that a defendant has acted

unlawfully" is insufficient. Id.

The original Complaint and subsequent filings by the *pro se* Plaintiffs fail to provide clear

factual content or answer the most basic of questions – "who harmed you, and how did they harm

you?" In their Complaints and Requests for Injunctions, ECF Nos. 11 and 14, Plaintiffs state

generally that there have been "False and Fabricated Claims and V[io]lation[s] of our Civil

Right[s] with Prejudice and Perjury Testi[m]ony" and "We Are Dragged Into Court Under False

Misleading Claims And Our Property Sto[l]en Under The False Claim Act[,]" ECF No. 11 at 5

and 14 at 5, but do not state who they allege is responsible for such actions, when they occurred,

or any other details sufficient to put Defendants on notice of their claims of alleged misconduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Defendants deserve "'fair notice of what the ... claim is and the grounds upon which it rests.'").

First, it is unclear from the Complaint what misconduct is alleged of the West Virginia State Bar and the West Virginia Bar Association and how the actions or inactions of West Virginia State Bar or the West Virginia Bar Association allegedly harmed the Plaintiffs. Plaintiffs only assert that the West Virginia State Bar and the West Virginia Bar Associations are parties to this action because "Steven Shaffer and Ashley Hardesty Odell are members of these two organizations and associates paying union dues/admission fees[,] " ECF No. 1 at 8. These are insufficient facts to sustain a claim for relief that is plausible on its face. Accordingly, the undersigned **RECOMMENDS** that the West Virginia State Bar's Motion to Dismiss, ECF Nos. 29 and 30, be **GRANTED**.

Second, neither the original Complaint nor the subsequent Complaints and Requests for Injunctions describe any actions or failures to act by Defendant Steven Shaffer. *See* ECF Nos. 1, 11, 14. In their Objection to Any Dismissal, ECF No. 26, Plaintiffs allege the following regarding Defendant Steven Shaffer:

> STEVEN SHAFFER being aware of his judicial duties did set out to deny due process and suppress the Carroll's filing to aid and cover up false and misleading filing by Kendra Ross and her Attorney ASHLEY HARDESTY ODELL. . . . STEVEN SHAFFER being fully aware that there is "No Law" but only court opinions, that the Carroll's could not represent themselves and the Promise Keeper was denied the right to defend themselves in his courtroom. . . . STEVEN SHAFFER being under an oath to the Constitution and under the rules Canon has used his position to discriminate and deny due process of law to did knowingly and willingly aid and abet in false misleading claims against the Carroll's. . . . It's not up to the Carroll's to go into the full court argument and in full detail in the brief, but only address enough that there is a claim of injury that can be placed before a jury to decide on.

ECF No. 26 at 2.

In his Reply, Defendant Steven Shaffer urges this Court not to consider the new due process allegation raised in the Plaintiffs' later-filed objection. ECF No. 38 (citing Leonard v. Starkey, No. 1:14-CV-42, 2015 WL 8474533, at *3 (N.D.W. Va. Dec. 8, 2015) (refusing to consider new allegations raised for first time in response to Rule 12(b)(6) motion)).

The undersigned, following precedent from this Court and the U.S. Court of Appeals, will not consider the new allegation for the purposes of resolving the pending motions to dismiss, particularly where Plaintiffs have not moved to amend their complaint to include the new allegation. *See* Leonard v. Starkey, No. 1:14-CV-42, 2015 WL 8474533, at *3 (N.D.W. Va. Dec. 8, 2015) (refusing to consider new allegations raised for first time in response to Rule 12(b)(6) motion); Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir.2013) ("In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment."). *See also* Imagine Medispa, LLC v. Transformations, Inc., 999 F. Supp. 2d 873, 879 (S.D.W. Va. 2014)("The plaintiffs did not move to amend their complaint to include these new allegations or exhibits, and the court will not consider them for the purposes of resolving the pending motion to dismiss."); Materson v. Stokes, 166 F.R.D. 368, 370 (E.D.Va.1996) (refusing to consider new allegations contained in response to motion to dismiss where plaintiff had not amended his complaint).

Even if the Court were to incorporate the new allegations included in Plaintiffs' Objection, ECF No. 26, or the allegations included in Plaintiffs' affidavits provided on November 8, 2022, ECF Nos. 49-1 and 49-2, Plaintiffs have still not alleged facts sufficient to state a plausible claim against Defendant Steven Shaffer. Plaintiffs are correct that they do not need to "go into the full court argument and in full detail" at this juncture, ECF No. 26 at 2, but in order to maintain this action, Plaintiffs do need to allege enough facts to state a claim to relief that rises above a

speculative level, is plausible on its face, and provides defendants with fair notice of what the claim is and the factual grounds upon which the allegations rest, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs have failed to do so here. Their Complaint fails to provide to the Court a basic snapshot of when, where, and how Defendant Steven Shaffer allegedly caused harm to them. Accordingly, the undersigned **RECOMMENDS** Defendant Steven Shaffer's Motion to Dismiss, ECF Nos. 15 and 16, be **GRANTED** for failure to state a claim for which relief may be granted.

Third, as to Defendant Kendra Ross, the original Complaint provides "Kendra Ross and Ashley Hardesty Odell misled this county court to believe that one or all of these social community groups had ownership because of an oral lease agreement for usage, [which] does not constitute ownership of the farm." ECF No. 1 at 6-7. In her Motion to Dismiss, Defendant Ross argues that because Plaintiffs have failed to articulate cognizable claims against Defendant Ross for breach of oral contract, perjury, or any other unlawful actions or omissions, this Court should dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 22 at 2. The undersigned agrees. Plaintiffs fail to allege the existence of an oral contract or lease agreement between themselves, Kendra Ross and/or any third-party groups or individuals. They fail to allege a duty owed by Ross or an unlawful act, omission, or breach of contract which cause their alleged injuries. Plaintiffs does not describe how or when or on how many occasions Ross alleged misled the Court.

Additionally, even if criminal perjury did occur in the underlying litigation, as defined under federal or state law, it is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual. *See* Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct.

1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Because Plaintiffs have failed to state a claim against Kendra Ross upon which relief can be granted, the undersigned **RECOMMENDS** that Defendant Kendra Ross's Motion to Dismiss, ECF Nos. 21 and 22, be **GRANTED**.

Fourth, the original Complaint is almost silent as to Defendant West Virginia Bar Association. The only allegation made against the association in the Complaint is that Defendants Steven Shaffer and Ashley Hardesty Odell are current members or were members at the time of the filing of the underlying actions. Defendant West Virginia Bar Association contends that this Court should dismiss the action against it because "[t]here are no allegations that any action of the WVBA has harmed the Carrolls or that the Carrolls are entitled to any relief from the WVBA." ECF No. 52 at 2. The undersigned concurs. Mere membership or association between Defendants Steven Shaffer or Ashley Hardesty Odell, and West Virginia Bar Association is insufficient to state a claim upon which relief may be granted as to the West Virginia Bar Association. Thus, the undersigned further recommends that Defendant West Virginia Bar Association's Motion to Dismiss, ECF Nos. 50 and 51, be **GRANTED**.

As stated above,[23] while Plaintiffs have not yet responded to this Motion to Dismiss, the arguments therein mirror identical arguments in the other Motions to Dismiss, ECFs Nos, 15, 16, 21, 22, 28, 28-1, 29, and 30, for which Plaintiffs have had an opportunity to respond, ECF Nos. 25, 26, 32, 33, 41, 42, 43, 44, and 49. Should Plaintiffs respond to Defendant West Virginia State

---

[23] *See supra* n. 17.

Bar's Motion to Dismiss, ECF Nos, 51, 52, with any substantive arguments that would change the analysis, the undersigned will file a supplemental Report and Recommendation for the Court.

Lastly, the original Complaint filed by the Plaintiffs provides the most information in regard to Defendant Ashley Hardesty Odell. However, undersigned **FINDS** the Complaint still falls short of the pleading requirements provided for by Rules, 8, 9, and 12 of the Federal Rules of Civil Procedure.

In their Complaint, Plaintiffs provide that "this case involves the taking of our home under false and misleading hearsay testimony by Ashley Hardesty Odell without witnesses to support the claim[,]" "Kendra Ross and Ashley Hardesty Odell misled this county court to believe that one or all of these social community groups had ownership because of an oral lease agreement for usage, [which] does not constitute ownership of the farm[,]" and "Steven Shaffer and Ashley Hardest[y] Odell are members of these two organizations[, the West Virginia State Bar and the West Virginia Bar Association,] and associates paying union dues/admission fees." ECF No. 1 at 6-7. In her Motion to Dismiss, Defendant Odell contends that Plaintiffs allege that Odell provided "false and misleading hearsay testimony" but Plaintiffs "do not state how the statements made by Odell were fraudulent or what facts supporting the statements were allegedly false." ECF No. 28-1 at 10. Defendant Odell argues that her role as attorney for Defendant Ross in the underlying litigation required zealous advocacy, but there is no indication that Odell intentionally misstated any facts to the Court, nor do the Plaintiffs identify any specific statements which they allege were misleading. Id. Defendant Odell further argues that, to the extent that Plaintiffs are outlining a fraud or misrepresentation claim against Odell, they have failed to make their claims with particularity as required by Rule 9(b) or outline even a prima facie claim. ECF No. 28-1 at 10 (citing Fed. R. Civ. P. 9(b)). Odell further argues litigation privilege serves to bar Plaintiffs' claims

for her actions as an attorney in Court but concludes that this Complaint "must be dismissed pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The undersigned, having considered the Caroll Plaintiffs' filings and the arguments of Defendant Odell, is inclined to agree that Plaintiffs have failed to specify which statements were made by Defendant Odell that alleged caused their harm, when these statements were made, if they or others materially relied upon them, or if the statements were made by Defendant Odell in her personal capacity or as an advocate for Kendra Ross.

Again, in order for a Complaint to be facially plausible and sufficient for the purposes of 12(b)(6), all that is required is that Plaintiffs "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, there is not enough factual content for the undersigned to ascertain what misconduct allegedly occurred, on what dates, and by whom, let alone for the undersigned to make a reasonable inference that any of the Defendant are liable for anything. Accordingly, the undersigned **RECOMMENDS** that Defendant Odell's Motion to Dismiss, ECF No. 28, be **GRANTED** because Plaintiffs have failed to state any cognizable claims.

### E.   Moreover, Defendants Steven Shaffer and Ashley Hardesty Odell are immune from suit for their alleged conduct.

### (1) Defendant Steven Shaffer is entitled to absolutely judicial immunity as presiding circuit court judge.

Defendant Shaffer asserts that "To the extent that Judge Shaffer played any role in Plaintiffs losing their property, his role was that of the judge presiding over the civil action between Ms. Ross and Plaintiffs. Accordingly, even if the Court generously construes Plaintiffs' Complaint as stating a cause of action against Judge Shaffer, he is entitled to absolute immunity from any claim against him." ECF No. 16 at 6.

Judicial immunity, like the other forms of official immunity discussed above, "is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). This includes immunity from suits where a plaintiff seeks injunctive relief in addition to damages. See Lepelletier v. Tran, 633 Fed. Appx. 126, 127 (4th Cir. 2016) ("[C]laims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity also were barred by the plain language of 42 U.S.C. § 1983"); Roth v. King, 449 F.3d 1272 (D.C.Cir. 2006) (stating that "42 U.S.C. §1983, as amended in 1996 by the [FCIA], explicitly immunizes judicial officers against suits for injunctive relief); and El v. Delgado, No. 1:10CV38, 2010 WL 5201195, at *9 (N.D.W. Va. Nov. 5, 2010), report and recommendation adopted, No. 1:10CV38, 2010 WL 5200949 (N.D.W. Va. Dec. 20, 2010).

Judicial immunity is "overcome in only two sets of circumstances." Mireles, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. (internal citations omitted). Accordingly, even allegations of bad faith, error, malice and corruption will not overcome judicial immunity, where a judge was acting in his or her judicial capacity and where the judge had jurisdiction. Mireles, 502 U.S. at 11-13. Similarly, a judge "is immune from suit even when a party alleges that a judge's ruling is the result of a conspiracy with an adversarial party." Coonts v. Randolph Cty. Circuit Court Judge, No. 2:15-CV-21, 2015 WL 12791398, at *3 (N.D.W. Va. Sept. 18, 2015) (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

Here, Defendant Shaffer is immune from suit because all alleged conduct in the Complaint relates to judicial actions taken as a result of the Circuit Court of Preston County's jurisdiction over the underlying suit. Defendant Shaffer's decision not to require Kendra Ross's appearance

before the circuit court is a decision from the bench which is entitled to absolute judicial immunity. Defendant Shaffer's decision to sign and enter the order for default judgment is a decision from the bench which is protected by absolute judicial immunity – even if Defendant Shaffer had acted in conspiracy with others, in bad faith, in error, or with malice or bias. Due to the doctrine of absolute judicial immunity, Defendant Shaffer is immune from suit for *all* conduct alleged in the Complaint.

Accordingly, the undersigned **RECOMMENDS** that Defendant Shaffer's Motion to Dismiss, ECF No. 15 and 16, be **GRANTED**, and the Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

### (2) Defendant Ashley Hardesty Odell is entitled to litigation privilege.

The doctrine of litigation privilege is "generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." Susko v. City of Weirton, No. 5:09CV1, 2011 WL 221825, at *3 (N.D.W. Va. Jan. 20, 2011), *aff'd*, 443 F. App'x 805 (4th Cir. 2011) (citing Clark v. Druckman, 218 W.Va. 427, 624 S.E.2d 864, 871 (W.Va.2005)). "Further, the litigation privilege generally operates to preclude actions for civil damages arising from an attorney's conduct in the litigation process." Id. "[The litigation privilege] extends to all statements or communications in connection with the judicial proceeding ... as long as the communications are related to the prospective judicial action." Collins v. Red Roof Inns, Inc., 211 W.Va. 458, 566 S.E.2d 595, 600 (W.Va.2002) (quoting Hawkins v. Harris, 141 N.J. 207, 661 A.2d 284, 289 (N.J.1995)).

It is also well-established that witnesses benefit from litigation privilege and enjoy immunity for their statements or communications within judicial proceedings. See Briscoe v.

LaHue, 460 U.S. 325, 325, 103 S. Ct. 1108, 1110, 75 L. Ed. 2d 96 (1983)(providing history of common law immunity protections for witnesses); Wilson v. Bernet, 218 W. Va. 628, 635, 625 S.E.2d 706, 713 (2005)(holding expert witnesses must be provided immunity for their testimony at trial); Johnson v. Brown, 13 W. Va. 71, 113–14 (1878)("[N]o action will lie against a witness, for what he says or writes, when giving evidence either before a court of justice or before a military court of enquiry"). This immunity encourages witnesses "to speak freely without the specter of subsequent retaliatory litigation for their good faith testimony. The immunity was created at common law to shield the percipient [fact] witness who was called into court to testify as to what he saw, heard, or did that was relevant to an issue in the case." Wilson v. Bernet, 218 W. Va. 628, 632, 625 S.E.2d 706, 710 (2005) (quoting Christopher M. McDowell, Note, Authorizing the Expert Witness to Assassinate Character for Profit: A Reexamination of the Testimonial Immunity of the Expert Witness, 28 U. Mem [.] L.Rev. 239, 275 (1997). Furthermore, "[t]he court system simply could not function if it permitted a losing party to sue an adverse witness ... simply because the losing party feels the witness testified falsely or inaccurately. In the absence of specific evidence to the contrary, we must presume that witnesses testify truthfully." Williamson v. Harden, 585 S.E.2d 369, 374 (2003).

In the present matter, Defendant Ashley Hardesty Odell served as an attorney to Kendra Ross in the underlying judicial proceedings in the Circuit Court of Preston County. Plaintiffs are alleging Odell made "false and misleading" statements, and it appears the statements they are referring to were all statements to the Court which occurred during a judicial proceeding where Odell was actively representing Kendra Ross as her client. Accordingly, pursuant to the doctrine of litigation privilege, Defendant Odell would be immune from civil suit for those statements. Thus, the undersigned **RECOMMENDS** that Defendant Odell's Motion to Dismiss, ECF No. 28

and 28-1, be **GRANTED**, and Plaintiffs' Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

## V.    CONCLUSION

First, because Plaintiffs Leonard and Stephanie Carroll have failed to make a clear showing that they are entitled to the extraordinary remedy that is a preliminary injunction, the undersigned **RECOMMENDS** that their Motions for Preliminary Injunction, ECF Nos. 11 and 14, and Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be **DENIED**.

Second, because there is no basis for federal question jurisdiction and there is not complete diversity of the parties, the undersigned **FINDS** this Court is without subject matter jurisdiction and **RECOMMENDS** that the Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE** and the Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28, 29, and 30, be **GRANTED**, pursuant to Rule 12(b)(1).

The undersigned further **RECOMMENDS** that even if this Court were to find that subject matter jurisdiction exists, this Court should abstain from interfering with the state court's functioning pursuant to the <u>Rooker-Feldman</u>, <u>Younger</u> abstention, and <u>Colorado River</u> doctrines, should **GRANT** the Defendants' Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28, 29, and 30, and should **DISMISS WITH PREJUDICE**, Plaintiffs' Complaint, ECF No. 1, which seeks to directly challenge the merits and results of a state court decision.

Third, for completeness, having reviewed the Complaint and the various Motions to Dismiss, the undersigned **FINDS** that Plaintiffs have failed to allege factual content sufficient to put forth a claim upon which relief can be granted as to any of the Defendants and, accordingly, **RECOMMENDS** that Plaintiffs' Complaint, ECF No. 1, be **DISMISSED** and Defendants' Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28 29, and 30, be **GRANTED**.

Fourth, because Defendants Steven Shaffer, by virtue of his role as presiding circuit court judge, and Defendant Ashley Hardesty Odell, by virtue of her role as a litigator, are entitled to immunity, the undersigned further **RECOMMENDS** each of their Motions to Dismiss, ECF Nos. 15, 16, 28, and 28-1, be **GRANTED**, and Plaintiffs' Complaint be **DISMISSED** with prejudice.

Lastly, as a result of the findings above, the undersigned further **RECOMMENDS** that Defendant Ross's Motion to Remand, ECF Nos. 19, 20, be **DENIED as MOOT**; Plaintiffs' Motion for Habeas Corpus, ECF No. 25, be **DENIED as MOOT**; Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be **DENIED as MOOT**; and Plaintiffs' Objections, ECF Nos. 26, 33, 42, 43, and 44, be **OVERRULED**.

## VI.    RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that:

- Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11, 14, be **DENIED**;

- Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be **DENIED**;

- Defendant Shaffer's Motion to Dismiss, ECF Nos. 15, 16, be **GRANTED**;

- Defendant Ross's Motion to Dismiss, ECF Nos. 21, 22, be **GRANTED**;

- Defendant Odell's Motion to Dismiss, ECF Nos. 28, 28-1, be **GRANTED**;

- Defendant The West Virginia State Bar's Motion to Dismiss, ECF Nos. 29, 30, be **GRANTED**;

- Defendant West Virginia Bar Association's Motion to Dismiss, ECF Nos. 51, 52, be **GRANTED;**

- Defendant Ross's Motion to Remand, ECF Nos. 19, 20, be **DENIED as MOOT;**

- Plaintiffs' Motion for Habeas Corpus, ECF No. 25, be **DENIED as MOOT**;

- Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be **DENIED as MOOT**;

- Plaintiffs' Objections, ECF Nos. 26, 33, 42, 43, and 44, be **OVERRULED**; and

- Plaintiffs' Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accopanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiffs by certified mail, return receipt requested.

Respectfully submitted on November 23, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE