IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**LEONARD CARROLL, and**
**STEPHANIE CARROLL,**

      **Plaintiffs,**

v.                                                Civil Action No. 1:22-CV-99
                                                     (JUDGE KLEEH)

**ASHLEY HARDESTY ODELL,**
**THE WEST VIRGINIA STATE BAR,**
**WEST VIRGINIA BAR ASSOCIATION,**
**KENDRA ROSS, and STEVEN SHAFFER,**

      **Defendants.**

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 28, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. ECF No. 5.

On November 23, 2022, after reviewing all documents filed on or before November 22, 2022,[1] the undersigned U.S. Magistrate Judge submitted an Omnibus Report and

---

[1] The undersigned was in receipt of and considered the following documents for the Omnibus Report and Recommendation, ECF No, 62: the original Complaint, ECF No. 1; the Order of Referral, ECF No. 5; Plaintiffs' Complaints and Requests for Injunction, ECF Nos. 11 and 14; Defendant Steven Shaffer's Motion to Dismiss and memorandum in support thereof, ECF Nos. 15 and 16; Defendant Kendra Ross's Motion to Remand and memorandum in support thereof, ECF Nos. 19 and 20; Defendant Kendra Ross's Motion to Dismiss and memorandum in support thereof, ECF Nos. 21 and 22; Defendant Kendra Ross's Response to the Motions for Preliminary Injunction, ECF No. 23; Plaintiffs' Motion for the Habeas Corpus of Kendra Ross, ECF No. 25; Plaintiffs' Objection to Any Dismissal, ECF No. 26; Defendant Ashley Hardesty Odell's Motion to Dismiss for Failure to State a Claim, ECF No. 28 and memorandum in support thereof, ECF No. 28-1; Defendant The West Virginia State Bar's Motion to Dismiss, ECF

1

Recommendation, ECF No. 62, recommending that the Court dismiss this matter with prejudice for lack of subject matter jurisdiction, or alternatively, abstain from federal intervention, pursuant to the Rooker-Feldman, Colorado River, and Younger abstention doctrines, and grant Defendants' pending Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28, 29, 30, and 51. The undersigned further found that Plaintiffs failed to justify a preliminary injunction and recommended that Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11 and 14, and Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be denied. The undersigned also found the Complaint failed to state a claim upon which relief could be granted as to any of the Defendants and could, moreover, be dismissed pursuant to Rule 12(b)(6). In accordance with those findings, the undersigned recommended that Defendant Ross's Motion to Remand, ECF Nos. 19, 20, be denied as moot; Plaintiffs' Motion for Habeas Corpus, ECF No. 25, be denied as moot; Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be denied as moot; and Plaintiffs' Objections, ECF Nos. 26, 33, 42, 43, and 44, be overruled.

Thereafter, on November 23, 2022, Plaintiffs filed numerous documents with the Court, including Plaintiffs' Objection to West Virginia Bar Member Mark Jeffries and Memorandum of Case Law Created by Bar Membership on Corporation, ECF No. 55; Objection to West Virginia

---

No 29, and memorandum in support thereof, ECF No. 30; Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32; Plaintiffs' Objection to McGuireWoods LLP as Frivolous and Lack Merit, ECF No. 33; Defendant Steven Shaffer's Reply to Plaintiffs' Response to Motion to Dismiss, ECF No. 38; Plaintiffs' Objection to West Virginia Bar Dismissal, ECF No. 39; Defendant Kendra Ross's Reply Memorandum In Support Of Motion To Dismiss, ECF No. 40; Plaintiffs' Nov. 1, 2022 Objection to McGuireWoods LLP as Frivolous and Lack Merit, ECF No. 41; Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42; Plaintiffs' Objection to Mark Jeffries Filing For Lack of Standing, ECF No. 43; Plaintiffs' Third Objection to McGuireWoods LLP As Frivolous and Lack Merit, ECF No. 44; Plaintiffs' Layman Understanding of Roseboro v. Garrison With Affidavits, ECF No. 49; Defendant The West Virginia State Bar's Reply to Plaintiffs' Response In Opposition to Motion to Dismiss, ECF No. 50; Defendant West Virginia Bar Association's Motion to Dismiss, ECF No. 51, and memorandum in support thereof, ECF No. 52; and Reply in Support of Defendant Ashley Hardesty Odell's Motion to Dismiss, ECF No. 54.

Bar Member Ashley H. Odell, ECF No. 56; Memorandum of Case Law Created By Bar Membership on Corporation, ECF No. 57; Objection to Brain J. Moore West Virginia Bar Association Motion to Dismiss, ECF No. 58; Affidavit Responses to Roseboro Notice, ECF Nos. 59 and 60; Roseboro Just Cause Hearing, ECF No. 61; and Motion for Omnibus Hearing, ECF No. 64.

**Upon review of Plaintiffs' filings, the undersigned now respectfully submits this Report and Recommendation to announce that his recommendations remain unchanged by the information set forth in recent filings.**

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11 and 14, should be **DENIED**, Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32, should be **DENIED**, Defendant Steven Shaffer's Motion to Dismiss, ECF Nos. 15 and 16, should be **GRANTED**, Defendant Kendra Ross's Motion to Dismiss, ECF Nos. 21 and 22, should be **GRANTED**, Defendant Ashley Hardesty Odell's Motion to Dismiss, ECF Nos. 28 and 28-1, should be **GRANTED**, Defendant The West Virginia State Bar's Motion to Dismiss, ECF Nos. 29 and 30, should be **GRANTED**; Defendant West Virginia Bar Association's Motion to Dismiss, ECF Nos. 51 and 52, should be **GRANTED**; Defendant Kendra Ross's Motion to Remand, ECF Nos. 19 and 20, should be **DENIED as MOOT**, Plaintiffs' Motion for the Habeas Corpus of Kendra Ross, ECF No. 25, Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, Plaintiffs' Roseboro Just Cause Hearing, ECF No. 61, and Motion for Omnibus Hearing, ECF No. 64, should be **DENIED as MOOT**, Plaintiffs' Objections, ECF Nos. 26, 33, 41, 43, 44, 55, 56, and 58 be **OVERRULED**, and the Complaint, ECF No. 1, should be **DISMISSED WITH PREJUDICE**.

## I. SUMMARY OF RECENT FILINGS

### 1. Plaintiffs' Objection to West Virginia Bar Member Mark Jeffries

On November 23, 2022, Plaintiffs Leonard Carroll and Stephanie Carroll ("Plaintiffs") filed a document entitled "Objection to West Virginia Bar Member Mark Jeffries" and "Memorandum of Case Law Created by Bar Membership on Corporation." ECF No. 55.

In the Objection, Plaintiff contend that Mark Jeffries, counsel for Defendants The West Virginia State Bar and Steven Shaffer, refuses to document or submit to Plaintiffs that he has "license to practice law." ECF 55 at 1. Plaintiffs state that the Bar and the Bar Association are a "self-serving monopoly" engaged in "willful discrimination in violation of anti-trust laws and commerce fraud." Id. Plaintiffs allege that it is a conflict of interest for the Bar to be an agency or instrumentality of the State of West Virginia. Id. Plaintiffs further allege that the "deck is stacked" against a *pro se*, or self-represented, person getting fair process. Id. Plaintiffs allege, in summary, that they are "being prejudiced and discriminated against by an organization and member of this organization that refuses to provide a real license and . . . [b]y members of the lower court that has aided and abetted in the coverup and the concealment of injustice to aid and abet against the [Plaintiffs.]" ECF No. 55 at 3. Plaintiffs state they "are not raising new issues but merely have pointed out what should have been known and understood by members of this Highly Skilled Profession." ECF No. 55 at 4.

In the Memorandum, Plaintiffs object, at length, to the existence and conduct of the West Virginia State Bar and the Bar Association and "move to have all attorneys removed as they are 'Artificial Entities' as they are a 'Corporation' or are representing a Corporation in violation of self-created case law that violate the equal protection laws and the 14th amendment of due process." ECF No. 55 at 9. Plaintiffs conclude by stating that they are "demanding a hearing against

KENDRA ROSS and [request to] have her come forward to testify on her own behalf and not Bar Attorneys given their version of the facts." ECF No. 55 at 10.

### 2. **Plaintiffs' Objection to West Virginia Bar Member Ashley H. Odell**

On the same date, November 23, 2022, Plaintiffs also filed a document entitled "Objection to West Virginia Bar Member Ashley H. Odell." ECF No. 56. In the Objection, like in Plaintiffs' Objection to West Virginia Bar Member Mark Jeffries, ECF No. 55, Plaintiffs object, at length, to the existence and conduct of the West Virginia State Bar and the Bar Association. ECF No. 56 at 1-3. Plaintiffs allege that they "have been denied protected rights on the foundation and grounds because 'WE [sic] are not members or because we refuse to hire a member of this self-proClaimed and self-Created and self-Recognize [sic] and self-Licensing Organization known as the 'Bar & Bar Association' the Caroll's [sic] are being told we have no Standing or Rights by other members of this self-Created Organization to aid and conceal vital facts that could save our property from misleading highly exaggerated lies." ECF No. 56 at 4.

### 3. **Plaintiffs' Memorandum of Case Law Created By Bar Membership on Corporation**

On the same date, Plaintiffs also filed a document entitled "Memorandum of Case Law Created By Bar Membership on Corporation" ECF No. 57. In this Memorandum, like in Plaintiffs prior Memorandum of Case Law Created by Bar Membership on Corporation, ECF No. 55, Plaintiffs object, at length, to the existence and conduct of the West Virginia State Bar and the Bar Association. ECF No. 57 at 1-9, and identically "move to have all attorneys removed as they are 'Artificial Entities' as they are a 'Corporation' or are representing a Corporation in violation of self-created case law that violate the equal protection laws and the 14th amendment of due process." ECF No. 57 at 9. Plaintiffs conclude by stating that they are "demanding a hearing against

KENDRA ROSS and [request to] have her come forward to testify on her own behalf and not Bar Attorneys given their version of the facts." ECF No. 57 at 10.

4. **Plaintiffs' Objection to Brain J. Moore West Virginia Bar Association Motion to Dismiss**

Plaintiffs also filed, on November 23, 2022, a document entitled "Objection to Brain J. Moore West Virginia Bar Association Motion to Dismiss," objecting to any dismissal pursuant to the West Virginia Bar Association's Motion to Dismiss. ECF No. 58 at 1. In their Objection, Plaintiffs argue that "[t]he West Virginia Bar Association was served properly, whether the service was Forwarded or otherwise. Someone within the West Virginia Association received the summons and signed for the objections at Dinsmore and Shohl LLP on October 5, 2022 and responded by contacting us the Carroll's. We will provide documentation to support our claim." ECF No. 58 at 1. Plaintiffs allege they have the right to be heard at trial under Rule 12 of the Federal Rules of Civil Procedure and contend that the Defendants have not adequately shown that Kendra Ross and other defendants are also residents of West Virginia. ECF No. 58 at 1-2. Plaintiffs conclude by moving "this court to not dismiss this case against the West Virginia Bar Association pursuant to Minn. R. Civ. P: to 7.02(a) which states that we the Carroll's have the right an oral argument by trial." ECF No. 58 at 2.

5. **Plaintiffs' Affidavit Responses to Roseboro Notice**

On the same date, Plaintiffs additionally filed two documents entitled Affidavit Response to Roseboro Notice. ECF No. 59 and 60. In the Affidavits, like prior Affidavits, ECF No. 49-1, Plaintiffs allege Kendra Ross "was never a member of the promise keepers [and] . . . actuality [sic] Left the community at some point and went to work for a strip club in Dayton Ohio." ECF No. 59 at 1. Plaintiffs argue they were never properly served in the underlying state proceedings. ECF No. 59 at 1-2. Plaintiffs further argue that they were "ostracized by Judge Steven Shaffer for being Pro

Se, litigants which Is against the law and the Oath of office of the Bar Association, the cannon rules and against our Bill of Rights[,]" ECF No. 59 at 2. Plaintiffs assert "[t]his whole scenario should be consider[ed] as malicious prosecution and vexatious litigation." ECF No. 59 at 3. Plaintiffs further provide that they "had a verbal agreement with the Promise Keepers giving them permission to utilize the land for agrigulture purposes, teaching agriculture and providing food for the members. However in the event that the land was no longer need[ed] the property would deed back to us the Carroll's. . . . [Plaintiffs] had a legally binding Verbal Agreement with the Promise Keepers 'A Legal Spoken Word Agreement,' and we the Carroll would continue the Responsibility of paying the taxes." ECF No. 60 at 3. Plaintiffs conclude by stating, "We the Carroll's are being accused of failing to state a claim. We have stated our claim This Property belong [sic] to us. And we have placed it on the record several times." ECF No. 60 at 4.

### 6. Plaintiffs' Roseboro Just Cause Hearing

On the same date, November 23, 2022, Plaintiffs filed a document entitled "Roseboro Just Cause Hearing." ECF No. 61 at 1. In this filing, Plaintiffs state that they were not aware of the initial Kansas litigation[2] until after the West Virginia case came about and "our property was being taken under a false misleading testimony given by Bar Attorneys." ECF No. 61 at 1. Plaintiffs continue to object to the existence and conduct of the State Bar agency and the Bar Association as a "monopoly" and a "conflict of interest." ECF No. 61 at 2-4. Plaintiffs conclude by moving "this Court for a Full hearing or what we believe is called Roseboro Notice to why this case should not be dismissed." ECF No. 61 at 5.

---

[2] *See* Ross v. Jenkins et al., Case No. 1:17-CV-2547 (D. Kan. May 23, 2018). *See also* Ross v. Jenkins et al, 1:18-MC-51 (N. D. W.Va. Dec. 3, 2018) (judgment registered in this district) and Ross v. Promise Keepers et al., Case No. 2:19-CV-2091 (D. Kan. March 25, 2019).

7. <u>**Plaintiffs' Motion for Omnibus Hearing**</u>

Lastly, on the same date, November 23, 2022, Plaintiffs filed a Motion for Omnibus Hearing. ECF No. 64. In their Motion, Plaintiffs object to any dismissal under Rule 12 or on any grounds whatsoever and argue that their claim "has been stated in a number of ways." ECF No. 64 at 1-2. Plaintiffs allege they are "being denied the ability to exhaust their rights in a public hearing," ECF No. 64 at 2, and thus, Plaintiffs "are Demanding a[n] Omnibus Hearing." ECF No. 64 at 3.

## II. <u>LEGAL STANDARDS</u>

### A. <u>Motion for Preliminary Injunction</u>

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Dewhurst v. Century Aluminum Co.</u>, 649 F.3d 287, 290 (4th Cir. 2011) (quoting <u>Winter v. Nat. Res. Def. Counsel, Inc.</u>, 555 U.S. 7 (2008)); *see* <u>Peterson v. Nat'l Telecomms. & Info. Admin.</u>, 505 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting <u>Direx Israel Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 811 (4th Cir. 1992)) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to justify the extraordinary remedy that a preliminary injunction provides, the movant has the burden of demonstrating the following: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." <u>Dewhurst</u>, 649 F.3d at 290 (internal quotation marks and citations omitted); *see* <u>Direx Israel</u>, 952 F.2d at 812 (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In <u>Dewhurst</u>, the United States Court of Appeals for the Fourth Circuit emphasized the fact that controlling precedent from the Supreme Court mandates that a plaintiff

"clearly show" that he is likely to succeed on the merits. Dewhurst, 649 F.3d at 290 (quoting Winter, 555 U.S. at 22) (emphasis added). "[A]ll four requirements must be satisfied," Real Truth About Obama, Inc., 575 F.3d at 346, and "[a] preliminary injunction shall be granted only if the moving party clearly establishes entitlement." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). Again, the Court is mindful that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for subject matter jurisdiction. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In considering a 12(b)(1) motion to dismiss, a "trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Id. (*citing* Mims v. Kemp, 516 F.2d 21 (4th Cir.1975)). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Id. The district court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (*citing* Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)).

Furthermore, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v.

9

Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); *see also* Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000)(permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

### C. Motion to Dismiss for Failure to State a Claim

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Detailed factual allegations are not required. Twombly, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." Id. The "sheer possibility that a defendant has acted unlawfully" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, a court must "liberally construe" complaints filed *pro se*, meaning on one's own behalf without attorney representation. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of

10

defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir.1993)).

When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. Conklin v. Jefferson Cty. Bd. of Educ., 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016)(citing Anheuser–Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). A district court should grant a motion to dismiss where the complaint is insufficient to state a claim to relief. Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir.1985). *See also* Cameron v. MTD Prod., Inc., No. CIV.A.5:03 CV 75, 2004 WL 3256003, at *3 (N.D.W. Va. Jan. 7, 2004), *aff'd*, 90 F. App'x 53 (4th Cir. 2004).

### III. ANALYSIS

The undersigned has reviewed all filings from November 23, 2022 to the date of this Report and Recommendation. The information provided by Plaintiffs in the recent filings is largely duplicative of the information and grievances included in prior filings and does not change the undersigned's prior analysis or recommendations. *See* Omnibus Report and Recommendation, ECF No. 62.

First, regarding the request for preliminary injunction, Plaintiffs Leonard Carroll and Stephanie Carroll have not made a sufficient showing that they are likely to succeed on the merits of the case, that the balance of equities tip in their favor, or that an injunction would serve any public interests. Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011); ECF No. 62 at 30. The undersigned sympathizes with Plaintiffs' concerns about losing their farm at a state-ordered sale in satisfaction of a judgment, but Plaintiffs have failed to establish entitlement to the extraordinary remedy that is a preliminary injunction. *See also* Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1992)) (moving party bears the burden of demonstrating the propriety of a preliminary injunction); Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017)("A preliminary injunction shall be granted only if the moving party clearly establishes entitlement."). Accordingly, the undersigned **RECOMMENDS** that their Motions for Preliminary Injunction, ECF Nos. 11 and 14, and Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be **DENIED**.

Second, regarding subject matter jurisdiction, Plaintiffs contend, in a recent Objection, ECF No. 58 at 2, that the Defendants have not adequately shown that Kendra Ross and other defendants are also residents of West Virginia. ECF No. 58 at 2. However, the burden of proving subject matter jurisdiction on a motion to dismiss falls to the Plaintiffs as the party asserting jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs have not articulated a basis for federal question jurisdiction and, while they assert diversity of citizenship as the basis for this Court's jurisdiction, there is not complete diversity of the parties. Accordingly, the undersigned **FINDS** this Court is without subject matter jurisdiction and **RECOMMENDS** that the Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE** and the Motions to Dismiss,

ECF Nos. 15, 16, 21, 22, 28, 29, 30, and 51 be **GRANTED**, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The undersigned further **RECOMMENDS**, consistent with his prior Report and Recommendation, ECF No. 62, that even if this Court were to find that subject matter jurisdiction exists, this Court should abstain from interfering with the state court's functioning pursuant to the Rooker-Feldman, Younger abstention, and Colorado River doctrines, should **GRANT** the Defendants' Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28, 29, and 30, and should **DISMISS WITH PREJUDICE**, Plaintiffs' Complaint, ECF No. 1, which seeks to directly challenge the merits and results of a state court decision.

Third, the undersigned previously concluded, for completeness, that even if this Court were to have subject matter jurisdiction over this matter, because Plaintiffs failed to allege factual content sufficient to state a claim upon which relief can be granted, the Complaint should be dismissed and the Defendants' Motions to Dismiss should be granted. When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. Conklin v. Jefferson Cty. Bd. of Educ., 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016)(citing Anheuser–Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). The newest filings have not changed the undersigned's assessment. Plaintiffs' Complaint, ECF No. 1, fails to state a claim upon which relief can be granted as to any of the Defendants. Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' Complaint, ECF No. 1, be **DISMISSED** and Defendants' Motions to Dismiss, ECF Nos. 15, 16, 21, 22, 28, 29, 30, and 51, be **GRANTED**.

Fourth, it remains true that Defendant Steven Shaffer, by virtue of his role as presiding circuit court judge, and Defendant Ashley Hardesty Odell, by virtue of her role as a litigator, are

entitled to immunity. Accordingly, the undersigned further **RECOMMENDS** each of their Motions to Dismiss, ECF Nos. 15, 16, 28, and 28-1, be **GRANTED**, and Plaintiffs' Complaint be **DISMISSED** with prejudice.

Lastly, as a result of the findings above, the undersigned continues to **RECOMMENDS** that Defendant Ross's Motion to Remand, ECF Nos. 19, 20, be **DENIED as MOOT**; Plaintiffs' Motion for Habeas Corpus, ECF No. 25, be **DENIED as MOOT**; Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be **DENIED as MOOT**; and Plaintiffs' Objections, ECF Nos. 26, 33, 42, 43, and 44, be **OVERRULED**. The undersigned would newly **RECOMMEND** that, consistent with the findings above, Plaintiffs' Roseboro Just Cause for Hearing, ECF No. 61, and Motion for Omnibus Hearing, ECF No. 64, also be **DENIED as MOOT**, and the recent Objections, ECF Nos. 55, 56, and 58, likewise be **OVERRULED**.

## IV. RECOMMENDATION

After consideration of the newest filings, the prior recommendations from the Omnibus Report and Recommendation submitted on November 23, 2022 remain unchanged. For the reasons stated herein, the undersigned now **RECOMMENDS** that:

- Plaintiffs' Motions for Preliminary Injunction, ECF Nos. 11, 14, be **DENIED**;

- Plaintiffs' Motion for Hearing to Renew to Stay Injunction, ECF No. 32, be **DENIED**;

- Defendant Shaffer's Motion to Dismiss, ECF Nos. 15, 16, be **GRANTED**;

- Defendant Ross's Motion to Dismiss, ECF Nos. 21, 22, be **GRANTED**;

- Defendant Odell's Motion to Dismiss, ECF Nos. 28, 28-1, be **GRANTED**;

- Defendant The West Virginia State Bar's Motion to Dismiss, ECF Nos. 29, 30, be

    **GRANTED**;

- Defendant West Virginia Bar Association's Motion to Dismiss, ECF Nos. 51, 52, be **GRANTED;**

- Defendant Ross's Motion to Remand, ECF Nos. 19, 20, be **DENIED as MOOT;**

- Plaintiffs' Motion for Habeas Corpus, ECF No. 25, be **DENIED as MOOT**;

- Plaintiffs' Motion to Set for a Hearing for Habeas Corpus on Kendra Ross for Her to Be Brought Before the Court to Testify, ECF No. 42, be **DENIED as MOOT**;

- Plaintiffs' Roseboro Just Cause for Hearing, ECF No. 61, and Motion for Omnibus Hearing, ECF No. 64, be **DENIED as MOOT**;

- Plaintiffs' Objections, ECF Nos. 26, 33, 42, 43, 44, 55, 56, 58 be **OVERRULED**; and,

- Plaintiffs' Complaint, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accopanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

    **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiffs by certified mail, return receipt requested.

Respectfully submitted on December 7, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE