**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LEONARD CARROLL and**
**STEPHANIE CARROLL,**

**Plaintiffs,**

**v.** **CIVIL NO. 1:22-CV-99 (KLEEH)**

**ASHLEY HARDESTY O'DELL,**
**THE WEST VIRGINIA STATE BAR,**
**WEST VIRGINIA BAR ASSOCIATION,**
**KENDRA ROSS, and**
**STEVEN SHAFFER,**

**Defendants.**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 62], ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION IN PART [ECF NO. 69], AND DISMISSING CASE WITHOUT PREJUDICE**

On September 27, 2022, the pro se Plaintiffs, Leonard and Stephanie Carroll ("Plaintiffs"), filed a Complaint against Defendants Ashley Hardesty O'Dell, the West Virginia State Bar, the West Virginia Bar Association, Kendra Ross, and Steven Shaffer (together, "Defendants"). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for review. On November 23, 2022, the Magistrate Judge entered an Omnibus Report and Recommendation (the "Omnibus R&R"), making a number of recommendations, including the recommendation that Plaintiffs' Complaint be dismissed [ECF No. 62]. On December 7, 2022, after Plaintiffs submitted a number of additional filings,

**CARROLL V. O'DELL ET AL.** **1:22-CV-99**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 62], ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION IN PART [ECF NO. 69], AND DISMISSING ACTION WITHOUT PREJUDICE**

the Magistrate Judge entered a Supplemental Report and Recommendation (the "Supplemental R&R"), ultimately recommending again that the Complaint be dismissed [ECF No. 69].

Both R&Rs informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiffs accepted service of the Omnibus R&R on November 29, 2022. See ECF Nos. 67, 68. They accepted service of the Supplemental R&R on December 13 and 16, 2022. See ECF Nos. 76, 77. The due date for their objections to the Supplemental R&R, accounting for potential mailing time, was January 4, 2023.

Plaintiffs filed a number of documents between November 23, 2022, and January 4, 2023:

- *Motion for Omnibus Hearing* [ECF No. 64];
- *Memorandum of Facts and Conclusion in Law as Per Your Written Codes* [ECF No. 65];
- *Objection to the Court Willful Stone Walling of Making the Attorneys Prove Standing* [ECF

2

CARROLL V. O'DELL ET AL. 1:22-CV-99

ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 62], ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION IN PART [ECF NO. 69], AND DISMISSING ACTION WITHOUT PREJUDICE

No. 73]; and

- *Objection to All Filings by the Attorneys on the Grounds of Rules of Evidence 402, 501, 602 and 603* [ECF No. 75].

The Court, generously construing the filings as potential objections to the R&Rs, notes that Plaintiffs do not specifically object to any of the Magistrate Judge's findings in these filings or anywhere else on the docket.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and

3

**CARROLL V. O'DELL ET AL.** **1:22-CV-99**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 62], ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION IN PART [ECF NO. 69], AND DISMISSING ACTION WITHOUT PREJUDICE**

conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

Here, Plaintiffs do not specifically object to any of the Magistrate Judge's findings. As such, the Court is under no obligation to conduct a de novo review. Accordingly, the Omnibus R&R and the Supplemental R&R were reviewed for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** both in part [ECF Nos. 62, 69]. The Court finds that it lacks subject matter jurisdiction for the reasons discussed in the R&Rs. Instead of dismissing the action with prejudice, it hereby **DISMISSES** the action **WITHOUT PREJUDICE**. See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing — or any other defect in subject matter jurisdiction — must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). **All other pending motions are hereby TERMINATED.** This action shall be **STRICKEN** from the Court's active docket.

4

**CARROLL V. O'DELL ET AL.** **1:22-CV-99**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 62], ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION IN PART [ECF NO. 69], AND DISMISSING ACTION WITHOUT PREJUDICE**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiffs via certified mail, return receipt requested.

DATED: June 20, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

5